■ LARRY RAY et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY, Defendant, and LONG ISLAND RAIL ROAD et

al., Respondents. [634 NYS2d 160] —In an action, *inter alia,* to recover damages for battery, false imprisonment, and deprivation of civil rights, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), entered May 20, 1993, which dismissed the complaint (1) against the defendant Long Island Rail Road, upon a trial ruling granting the motion of that defendant to dismiss the fifth, sixth, and seventh causes of action insofar as asserted against it for failure to make out a prima facie case, and upon a jury verdict as to the remaining causes of action against that defendant, and (2) against the defendant Blake Willett, after a hearing, for lack of personal jurisdiction.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff Larry Ray, a maintenance worker at Penn Station, and the defendant Blake Willett, a Long Island Rail Road (hereinafter LIRR) Police Officer, became involved in a physical altercation when Ray directed a commuter seeking restroom access to Willett. The evidence showed that Willett took Ray to a secluded loading dock, where Willett removed his uniform shirt, bullet-proof vest, and holster, turned off his radio, and beat and handcuffed Ray. Willett then brought Ray to the LIRR police station, where Ray was released by Willett's supervisor.

The plaintiffs commenced this action against Willett and the LIRR seeking, among other things, damages for battery, false arrest and imprisonment, negligent retention, and violation of his civil rights under 42 USC § 1983. The court dismissed the negligent retention and civil rights claims against the LIRR for failure to make out a prima facie case. The jury found Willett liable for battery and false arrest and imprisonment, but found that he had not violated Ray's civil rights. Following a post-trial hearing on the issue of process, the court concluded that the service of the summons and complaint upon Willett was defective and dismissed the complaint as against him. The court also denied the plaintiffs' motion to set aside the jury's determination that Willett was not acting within the scope of employment or under "color of state law" (42 USC § 1983). We find no error in the court's rulings.

The court properly dismissed the negligent retention claim since the evidence failed to establish that the LIRR had knowledge of Willett's propensity for violence *(see, Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401; *Santamarina v Citrynell,* 203 AD2d 57). Contrary to the plaintiffs' contention, certain prior civilian complaints filed against Willett were properly excluded

from evidence since they were found to be unsubstantiated or were not of such a nature as to make Willett's behavior in this instance foreseeable.

Nor was Willett's conduct chargeable to the LIRR under the doctrine of respondeat superior. That doctrine renders an employer vicariously liable for a tort committed by an employee while acting within the scope of his employment, even if the duties were done irregularly or with disregard of instruction *(see, Riviello v Waldron,* 47 NY2d 297). However, liability will not attach where, as here, the tort is committed solely for personal motives of the employee unrelated to the furtherance of the employer's business *(see, Adams v New York City Tr. Auth.,* 211 AD2d 285, *lv granted* 217 AD2d 1016; *Kirkman v Astoria Gen. Hosp., supra).* Willett's act of taking Ray to a secluded area and beating him was a gross departure from his normal duties and fell well outside the scope of his employment.

To prevail on a claim of a civil rights violation under 42 USC § 1983, a plaintiff must demonstrate that the defendant was acting "under color of state law" at the time of the acts in question *(see, Zarcone v Perry,* 78 AD2d 70, *affd* 55 NY2d 782, *cert denied* 456 US 979). In determining whether a police officer is acting under color of State law, the nature of the act complained of is controlling *(see, Revene v Charles County Commrs.,* 882 F2d 870). Here, the initial confrontation came about because Willett was present in Penn Station in his capacity as a police officer. However, when he took Ray from the LIRR level to a secluded area and beat him, Willett was not acting in his official capacity or exercising his responsibilities pursuant to State law *(see, Oakes v Cooke,* 858 F Supp 330). Therefore, the court properly declined to set aside the jury verdict. Nor was the LIRR liable under 42 USC § 1983 for the acts of Willett since the plaintiffs failed to show any official "policy or custom" of the LIRR which caused a constitutional violation or any inadequate training or supervision on the part of the LIRR evidencing a deliberate indifference to individual rights *(see, Canton v Harris,* 489 US 378, 383; *Monell v New York City Dept. of Social Servs.,* 436 US 658; *Jackson v Police Dept.,* 192 AD2d 641, *lv denied* 82 NY2d 658, *cert denied* — US —, 114 S Ct 1370).

The plaintiffs do not dispute that service upon Willett at 232 Wright Street was defective since Willett had moved from that address more than a year before the attempted service. Rather, the plaintiffs contend that Willett was estopped from contesting service. The trial court correctly rejected the plaintiffs'

estoppel argument since the documents proffered by the plaintiffs were dated eight months prior to the alleged service and, contrary to the cases relied upon by the plaintiffs *(see, Squire v Greenberg,* 173 AD2d 362; *Poet v Kolenda,* 142 AD2d 633), there was no evidence that Willett willfully misrepresented his address or violated any statutory notification requirement. There is no obligation on the part of a defendant to keep potential plaintiffs apprised of his whereabouts *(see, Cuomo v Cuomo,* 144 AD2d 331).

We have considered the plaintiffs' remaining contentions and find them to be academic or without merit. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.