■ DEBORAH M. DYKES et al., Respondents, v McROBERTS PROTECTIVE AGENCY, INC., Appellant, et al., Defendant. (And Other Actions.) [680 NYS2d 513] —Judgment, Supreme Court, New York County (Carol Huff, J., and a jury), entered June 6, 1997, awarding plaintiff damages, and bringing up for review an order of the same court (Carol Arber, J.), entered September 5, 1996, which, *inter alia*, denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant-appellant's motion for summary judgment granted, and the complaint as against defendant-appellant dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Among the factors that should be considered in determining

whether an employee's tort, whether intentional or negligent, was sufficiently within the scope of his employment to render his employer liable under the doctrine of respondeat superior are: "the connection between the time, place and occasion for the act; the history of the relationship between the employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated [citations omitted]" (*Riviello v Waldron*, 47 NY2d 297, 303). As to the last factor, while it is not necessary that the precise type of injury caused by the employee's act be foreseeable, it is necessary that the conduct is, in a general sense, reasonably foreseeable (*supra*, at 304).

While the question of whether these factors apply in a particular case is generally a question of fact (*see*, *Young Bai Choi v D & D Novelties*, 157 AD2d 777), here, the evidence submitted by the parties on the motion for summary judgment demonstrates as a matter of law that defendant Jose Figueroa was not acting within the scope of his employment when he assaulted plaintiff and that defendant McRoberts Protective Agency, Inc. (McRoberts) was therefore entitled to dismissal of the complaint against it.

The undisputed evidence shows that at the time of the assault, Figueroa was a security guard employed by McRoberts and working at defendant Republic National Bank of New York, which had contracted with McRoberts to provide security services. Acting on a long-standing personal grudge and against specific orders to remain at his post in the bank lobby, Figueroa deliberately attacked plaintiff, who was a security supervisor employed by the bank, at her work station in the basement and then, following her, attacked her again in the lobby, to which she had fled.

Not only was defendant motivated by private concerns and far from his assigned post, but his conduct in attacking a bank employee, for which he subsequently pleaded guilty to assault in the second degree in satisfaction of criminal charges, was not remotely related to any conduct that his employer could have foreseen he would engage in as part of his duties (*cf.*, *Jordan v Levy*, 16 AD2d 64). Nor is there any possible view of the facts that would allow a jury to draw the conclusion that errors of judgment or " 'infirmity of temper' " (*De Wald v Seidenberg*, 297 NY 335, 338) led Figueroa to step beyond the bounds of permissible behavior while he was still engaged in " ' "doing his master's work" ' " (*Riviello v Waldron, supra,* at

302, quoting *Jones v Weigand*, 134 App Div 644, 645). Indeed, from its very inception, his attack on plaintiff, a bank employee in a supervisory position, was unconnected to, and, indeed, in complete contravention of, his responsibilities as a security guard.

Under these unusual circumstances, we find that defendant was entitled to summary judgment dismissing the complaint on the ground that there was no material question of fact that defendant Figueroa was not acting within the scope of his employment when he committed the assault. Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.