■ GLENDA JARA, Appellant, v INITIAL CONTRACT SERVICES, INC., Respondent, et al., Defendant. [699 NYS2d 411] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 15, 1998, which granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for summary judgment on the issue of defendant-respondent's liability, unanimously affirmed, without costs.

The record establishes that plaintiff was discharged from the corporate defendant's employ because her employment was seasonal in nature, not because she refused to submit to the individual defendant's unwanted sexual advances, and, accordingly, her claim of retaliatory discharge was properly dismissed. Nor can the corporate defendant be held liable for intentional infliction of emotional distress, there being no basis for finding that the individual defendant, a low-level supervisor, was acting within the scope of his employment when he engaged in the offensive conduct (*see, Dykes v McRoberts Protective Agency*, 256 AD2d 2), or that the corporate defendant had knowledge of the offensive conduct and ignored it (*see, Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 54, *lv denied* 89 NY2d 809). Instead, the record demonstrates that the corporate defendant took immediate corrective action, which ultimately led to the individual defendant's dismissal upon his plea of guilty to the charge of third-degree sexual abuse. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.