■ PHILLIPA PHILLIPS-STONE, Respondent, v CON EDISON, Defendant, and ANDREW CATAPANO CO., INC., Appellant. [699 NYS2d 864] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered August 31, 1998, which, *inter alia*, denied defendant-appellant's motion to dismiss the action as abandoned, unanimously affirmed, without costs.

The motion was properly denied, plaintiff having rebutted the presumption of abandonment by demonstrating both a reasonable excuse for the delay in moving to restore the action to the calendar and a meritorious cause of action. Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.

■ JAMES A. FLOWERS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [700 NYS2d 27] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered June 11, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No issue of fact is raised as to whether defendant's employee, a token booth clerk, was acting within the scope of his employment when he allegedly assaulted plaintiff in an effort to make him stop panhandling in front of the booth. The evidence clearly shows that the clerk was instructed and trained to deal with problems of this kind by activating an emergency communications system connecting the token booth with personnel in station command, from whom the clerk was to take instructions. The alleged assault was such a wide departure from this normal method of performance as not to be reasonably anticipated by defendant (*cf., Riviello v Waldron*, 47 NY2d 297, 303-304). Accordingly, defendant cannot be held vicariously liable for its employee's tort under the doctrine of respondeat superior, and the complaint was properly dismissed. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.