■ JEROME STEWARTSON, Appellant, v GRISTEDE'S SUPERMARKET, INC., Respondent. [705 NYS2d 583] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered December 14, 1998, which, upon the prior grant of defendant's post-trial motion for a directed verdict, dismissed the complaint in this personal injury action, unanimously reversed, on the law, with costs, defendant's post-trial motion seeking a directed verdict denied and the matter remanded to the trial court for determination of that part of defendant's motion which sought to set the jury's verdict aside as excessive.

It is undisputed that plaintiff was second in line at defendant supermarket's checkout counter, while defendant's store manager was unloading a shopping cart of groceries in order to have the cashier ring up a phone order he was filling. The woman in front of plaintiff complained about having taken the time to personally come to the store to shop and then having to wait while the manager filled a phone order at the only checkout that was open. After complaining to the manager, the woman left her shopping cart where it was and stormed out of the store in a rage. Plaintiff then moved the woman's cart to the side and waited until the manager had finished unloading his cart before starting to put his groceries on the checkout counter's conveyor belt. According to plaintiff, as he turned away to unload his cart, the manager moved about a foot and a half closer to him so that, as he turned again towards the counter, the two men brushed against each other ("But like I had brushed against him, and he you know, we were making like some kind of contact, but nothing, you know, nothing serious"). At that point, the manager threw a punch at plaintiff, shoved him, causing him to fall backward into his shopping cart, and began throwing punches as well as large juice cans at him.

Indubitably, the store manager was acting within the scope of his employment while he was filling the phone order. The ensuing argument with the woman and the manager's concomitant tension testified to by plaintiff were not clearly unforeseeable by his employer and, unlike *Dykes v McRoberts Protective Agency* (256 AD2d 2), it cannot be said, as a matter of law, that the manager's apparently unprovoked attack against plaintiff was not carried out within the scope of his employment.

Mere disregard of instructions or deviation from the line of his duty does not relieve his employer of responsibility. "Wrongful acts are usually in violation of orders or in deviation from the strict line of duty. The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions" (*Jones v Weigand*, 134 App Div 644, 645). Only where the servant for his own purposes departs from the line of his duty and abandons his service is his employer not liable. However, to constitute an abandonment of his service, the servant must be serving his own or some other person's purposes wholly independent of his master's business (*supra*, at 645-646; *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932).

Given the facts of this case, it cannot be said, as a matter of law, that the jury had no rational basis for its finding that the store manager was acting within the scope of his employment at the time of his attack on plaintiff and, accordingly, defendant's motion for a directed verdict should have been denied.

Inasmuch as the trial court did not reach that part of defendant's post-trial motion alleging an excessive verdict, we remand this matter for such determination. Concur—Rosenberger, J. P., Ellerin, Lerner and Andrias, JJ.

Wallach, J., dissents in a memorandum as follows: I respectfully disagree and would affirm the order of the trial court which granted defendant's motion for a directed verdict dismissing the complaint.

In order to prevail against defendant supermarket on the theory of respondeat superior, plaintiff had to establish that the manager was acting within the scope of his employment and in furtherance of his employer's interests. Even under the expansive interpretation of that concept in *Riviello v Waldron* (47 NY2d 297), plaintiff's evidence, given every possible favorable inference, fell short of the requisite standard as a matter of law. Following the slight "brushing" contact between plaintiff and the manager, each succeeding move by the latter was an act of wild and entirely unforeseeable violence that operated against every conceivable interest of his employer: it quashed

the imminent sale to plaintiff, and if plaintiff is to be believed, further damaged and/or put at risk the employer's own merchandise by converting these goods into missiles.

Under these circumstances, liability under respondeat superior cannot, in my view, attach as a matter of law (*Flowers v New York City Tr. Auth.*, 267 AD2d 132; *Dykes v McRoberts Protective Agency*, 256 AD2d 2; *Adams v New York City Tr. Auth.*, 211 AD2d 285, 294-295, *affd* 88 NY2d 116).