■ DEMETRIC BOWMAN, Respondent, v STATE OF NEW YORK, Appellant. [781 NYS2d 103]—

Order, Court of Claims of the State of New York (Michael Nadel, J.), entered June 16, 2003, which, to the extent appealed from, denied the State's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without

costs, the motion granted and the amended complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the amended complaint.

Claimant Demetric Bowman asserts that on November 4, 1997, when she was working as a private security guard at the Bronx County Courthouse, she was raped by a Supreme Court officer. According to Ms. Bowman's deposition testimony, during her lunch break that day, when she was eating at her post the officer told her she could not eat there, but volunteered to show her an area on one of the upper floors where she could eat lunch. He led her to a room she described as a locker room/cafeteria, where she ate her lunch and the officer had coffee and a cigarette, and they talked and watched a talk show on television. Ms. Bowman states that thereafter, he held her down and forcibly raped her.

The officer testified that Ms. Bowman had asked where she could go for her break, and he invited her to hang out with him in the locker room, which offer she accepted. He said they engaged in consensual sexual relations in the locker room.

All criminal charges against the officer were dropped when the grand jury hearing the matter declined to indict him. However, he was disciplined by the Office of Court Administration for engaging in sexual relations in the courthouse and for conduct unbecoming a court officer. This civil action followed.

On defendant's summary judgment motion, the motion court concluded that questions of fact exist as to whether the alleged rape occurred, and if so, whether or not it was committed for wholly personal motives so as to preclude the application of the doctrine of respondeat superior. We disagree, perceiving no questions of fact precluding summary judgment.

An employer may be vicariously liable for its employees' tortious acts on a theory of respondeat superior only if they were committed in furtherance of the employer's business and within the scope of employment (*see Riviello v Waldron*, 47 NY2d 297, 303 [1979]). The doctrine of respondeat superior may be applied "so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). "If, however, an employee 'for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable' " (*id.*).

Regardless of which participant's version of events is believed, the officer may not be said to have been acting within the scope of his employment, or in furtherance of the business of the State, while in the locker room with claimant. Rather, it is clear

that the employee at that time departed from his duties for solely personal motives unrelated to the furtherance of the court's business (*see Judith M., supra; N.X. v Cabrini Med. Ctr.,* 97 NY2d 247, 251 [2002]). Moreover, there was no showing that the State was aware of any prior conduct by the officer that would put it on notice as to the foreseeability of such an incident.

Nor does the doctrine of apparent authority avail claimant here. She relies upon Restatement (Second) of Agency § 219 (2) (d), which states that "A master is not subject to liability for the torts of his servants acting outside the scope of their employment, *unless:* . . . (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation" (emphasis added).

Initially, it is far from clear that this particular statement of law represents the law of this State. Research has disclosed no cases of this State's courts applying this provision. Moreover, as the Court noted in *N.X. v Cabrini Med. Ctr.* (97 NY2d 247, 252 n 3 [2002]), "[l]iability premised on apparent authority [is] usually raised in a business or contractual dispute context. . . ."

However, even assuming that this portion of the Restatement represents the law of this State, a person "may rely on an appearance of authority only to the extent that such reliance is reasonable" (*Hallock v State of New York,* 64 NY2d 224, 231 [1984]). So, even if claimant could have reasonably relied upon the officer's authority to direct her to eat in the locker room rather than at her duty post, nothing in his subsequent actions warranted any reasonable conclusion that he thereafter continued to act in a representative, as opposed to a purely personal, capacity. Claimant's decision to remain in an unoccupied locker room with this court officer who was apparently on a break, to watch television and engage in conversation with him, was unrelated to any authority he might have had to bar her from eating lunch at her duty post. That she trusted him because of his uniform does not translate to a representation by the State that it was safe or proper for her to do so.

Defendant having demonstrated entitlement to summary judgment as a matter of law, and claimant having failed to meet her burden of demonstrating a question of fact as to the State's vicarious liability, the motion should have been granted (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Concur—Buckley, P.J., Andrias, Saxe, Lerner and Friedman, JJ.