■ ELYSE M. KUNZ, Appellant-Respondent, v NEW NETHERLANDS ROUTES, INC., et al., Respondents-Appellants, and GRETA WAGLE, Respondent. [882 NYS2d 565]—

Cardona, P.J. (1) Cross appeals from an order of the Supreme Court (McDonough, J.), entered May 7, 2008 in Albany County, which, among other things, granted a motion by defendant Greta Wagle to dismiss the amended complaint against her, and (2) appeal from that part of an order of said court, entered October 8, 2008 in Albany County, which, upon reargument,

partially granted a motion by defendant New Netherland Routes, Inc. to dismiss the amended complaint against it.

Plaintiff, who was an officer and board member of defendant New Netherlands Routes, Inc. (hereinafter NNR), a not-for-profit corporation, commenced this action alleging, among other things, that defendant Donald Rittner, also an officer and board member of NNR, sexually assaulted her and made other unwanted sexual advances. Specifically, plaintiff asserted claims of assault, battery and breach of duty against Rittner; breach of duty and emotional distress against defendant Greta Wagle, another officer and board member of NNR; and breach of duty, vicarious liability and breach of contract against NNR. In lieu of answering, defendants moved to dismiss the amended complaint. Supreme Court denied the motions as to Rittner and NNR, but dismissed the two claims against Wagle. Upon NNR's subsequent motion to reargue, the court also dismissed the breach of duty and vicarious liability claims against it. Plaintiff, Rittner and NNR now cross-appeal from the initial order and plaintiff appeals from the order upon reargument.

Addressing in seriatim each cause of action at issue on this appeal,* we turn first to plaintiff's claim that Rittner, Wagle and NNR breached a duty to her. Notably, "[t]he threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]; *see Hanna v St. Lawrence County*, 34 AD3d 1146, 1149 [2006].) "Absent a duty running directly to the injured person there can be no liability in damages" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 289 [2001]; *see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d at 232). Here, plaintiff alleges that Rittner and Wagle, as officers of NNR, "had a duty to protect the public, other board members, and employees of NNR from offensive conduct and to minimize the harm of any such conduct." However, plaintiff has not established that such a duty has previously been recognized on the part of individual corporate officers, nor does she present any legal argument that would persuade this Court to find that these defendants owed such a duty to her under these circumstances. "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782 [1976] [citation omitted]). With respect to NNR, plaintiff does not articulate what specific duty she believes to be owed to her. In any event, she has not sufficiently alleged facts that would fit any cognizable theory of negligence. Accordingly, this

---

* Rittner has expressly abandoned any argument with respect to plaintiff's first and second causes of action alleging assault and battery, respectively.

cause of action in negligence was properly dismissed as against Wagle and NNR, and must also be dismissed as to Rittner.

Plaintiff also asserted a claim against Wagle for reckless or intentional infliction of emotional distress based upon Wagle's comments and actions when plaintiff told her of Rittner's alleged sexual advances. Accepting as true the allegations set forth in the complaint and in plaintiff's affidavits (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Crepin v Fogarty*, 59 AD3d 837, 838 [2009]), we find that Wagle's alleged conduct does not rise to the level of "extreme and outrageous conduct" required to sustain plaintiff's claim (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *compare Mitchell v Giambruno*, 35 AD3d 1040 [2006], *with Henderson v United Parcel Serv.*, 245 AD2d 789 [1997]). Accordingly, Supreme Court properly dismissed this cause of action.

Turning to plaintiff's claim that NNR is vicariously liable for Rittner's alleged assault and battery upon her, we note that, even assuming Rittner is an "employee" of NNR, "[u]nder the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Sexual assault "is a clear departure from the scope of employment, having been committed for wholly personal motives" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d at 251; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d at 933; *Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]). Therefore, Supreme Court properly dismissed that cause of action. Finally, the court properly declined to dismiss plaintiff's remaining two causes of action against NNR as they sufficiently state claims for breach of contract.

The parties' remaining contentions, to the extent not specifically addressed herein, have been examined and found to be either academic or unpersuasive.

Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order entered May 7, 2008 is modified, on the law, without costs, by reversing so much thereof as denied defendant Donald Rittner's motion to dismiss the third cause of action against him; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed. Ordered that the order entered October 8, 2008 is affirmed, without costs.