■ MICHAEL BURLARLEY, Appellant, v WAL-MART STORES, INC., Respondent. [904 NYS2d 826]—

Mercure, J. Appeal from an order of the Supreme Court (Zwack, J.), entered December 29, 2009 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

After an hour of shopping, plaintiff and his wife proceeded to the checkout at defendant's Wal-Mart store in the City of Kingston, Ulster County. The cashier, joking with the pair in an effort to make her work shift "go a little . . . faster," pretended to ring up items for vastly more than they were worth and threw various items at plaintiff. Plaintiff, unamused, told her to stop, and the cashier initially complied. When plaintiff turned away, however, the cashier threw a bag containing a pair of shoes and shampoo at him. Plaintiff was struck in the face, and this action ensued. Following joinder of issue, defendant moved for summary judgment dismissing the complaint, arguing that the doctrine of respondeat superior is inapplicable because the cashier

was not acting within the scope of her employment. Supreme Court agreed and dismissed the complaint, prompting this appeal.*

We affirm. The doctrine of respondeat superior renders an employer "vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *accord Kunz v New Netherlands Routes, Inc.*, 64 AD2d 956, 958 [2009]). Factors relevant to a determination of whether an employee's acts fall within the scope of employment include "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated" (*Riviello v Waldron*, 47 NY2d 297, 303 [1979]; *see McKay v Healthcare Underwriters Mut. Ins. Co.*, 295 AD2d 686, 687-688 [2002], *lv denied* 99 NY2d 503 [2002]; *Dykes v McRoberts Protective Agency*, 256 AD2d 2, 2-3 [1998]). While this inquiry generally presents questions of fact, summary judgment is appropriate if the undisputed facts demonstrate that the doctrine is inapplicable (*see Carlson v Porter*, 53 AD3d 1129, 1131-1132 [2008], *lv denied* 11 NY3d 708 [2008]; *Crawford v Westcott Steel Co.*, 188 AD2d 731, 732 [1992]).

In our view, Supreme Court properly concluded that throwing a full bag of heavy items at an unsuspecting customer's face as a "joke" is not commonly done by a cashier and, indeed, substantially departs from a cashier's normal methods of performance (*see Adams v New York City Tr. Auth.*, 211 AD2d 285, 294-295 [1995], *affd* 88 NY2d 116 [1996]; *Overton v Ebert*, 180 AD2d 955, 956-957 [1992], *lv denied* 80 NY2d 751 [1992]). Moreover, the cashier's actions arose not from any work-related motivation, but rather her desire to pass the time and relieve mounting frustration with her job. Nor did the employer have any reason to anticipate that the cashier would engage in the complained-of behavior, in light of the fact that she had worked as a cashier for several years without any significant disciplinary problems. Accordingly, inasmuch as the cashier acted for purely personal reasons and "not in the furtherance of any duty owed to" defendant, Supreme Court appropriately determined that the doctrine of respondeat superior was inapplicable (*Over-*

---

* Supreme Court indicated that plaintiff withdrew his remaining claim for negligent hiring.

*ton v Ebert*, 180 AD2d at 957; *see Danko v Forest Lake Camp, Inc.*, 63 AD3d 1099, 1099-1100 [2009], *lv denied* 13 NY3d 709 [2009]; *Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001]; *cf. Acton v Nalley*, 38 AD3d 973, 975 [2007]).

Cardona, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.