■ RICHARD DOIN et al., Respondents-Appellants, v J. DAVID DAME, Individually and as President of Champlain Bluffs Development Corporation, Appellant-Respondent. [918 NYS2d 253]—

Spain, J.

---

The parties to this appeal were parties to a prior appeal before our Court involving a series of contentious disputes regarding a development along the shore of Lake Champlain in the Town of Plattsburgh, Clinton County (*Doin v Champlain Bluffs Dev. Corp.*, 68 AD3d 1605 [2009], *lv dismissed* 14 NY3d 832 [2010]). Plaintiffs are among a number of townhouse residents in the development who found themselves in conflict with defendant who, with his wholly-owned corporation, Champlain Bluffs Development Corporation, owns all remaining portions of the development, including property between the lake and the townhouse owners' lots. Frustrated by the townhouse owners' objections to his plans to develop his property, defendant began in 2004 to assert control over and develop the beach area, including constructing a fence to block access to the beach, stripping all the grass from the beach area, constructing a 20-foot high boat rack directly in front of plaintiffs' home, and placing small boats belonging to plaintiffs and other townhouse owners high up on the rack, making them unreachable without the aid of heavy equipment (*id.* at 1608). In October 2005, plaintiffs and other residents of the development commenced an action against defendant and Champlain Bluffs seeking a determination of the parties' property rights pursuant to RPAPL article 15 and alleging that defendant's actions constituted a private nuisance and trespass to personal property.

While that action and other actions between defendant and residents of the development were pending, in 2006 plaintiffs commenced this action alleging intentional infliction of emotional distress by defendant, essentially based on the same conduct that gave rise to their private nuisance and trespass claims. All the actions between defendant and the townhouse owners, except for the instant action, were consolidated for trial in 2007. Thereafter, Supreme Court held in that consolidated action, among other things, that defendant had committed trespass to chattels by interfering with the boats of plaintiffs and the other townhouse owners and, by virtue of the construction of the fence and boat rack, that he had created a private nuisance. The court awarded both compensatory and punitive damages accordingly. On appeal, we modified certain aspects of the damage award but not with respect to the awards made to plaintiffs (*id.* at 1614).

Following Supreme Court's judgment in the consolidated action, defendant moved to amend his answer in this action to

include the affirmative defense of res judicata and for summary judgment dismissing the complaint. Plaintiffs cross-moved for summary judgment on the issue of liability, contending, essentially, that the actions of defendant that were proven in the previous action established, as a matter of law, that defendant's actions were extreme and outrageous and intended to cause severe emotional distress. Supreme Court denied both motions. Defendant now appeals, and plaintiffs cross-appeal.

We hold that plaintiffs have failed to plead conduct sufficient to establish a prima facie claim of intentional infliction of emotional distress and, accordingly, the complaint must be dismissed. To establish a claim of intentional infliction of emotional distress, a plaintiff must allege more than conduct that causes inconvenience or embarrassment, even if such conduct continues for a protracted period of time (*see Associates First Capital v Crabill*, 51 AD3d 1186, 1188 [2008], *lv denied* 11 NY3d 702 [2008]). Indeed, a plaintiff must demonstrate that the defendant's " 'conduct [was] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and [was] utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment *d*; *see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]). Critically, "a cause of action for intentional infliction of emotional distress should not be entertained 'where the conduct complained of *falls well within* the ambit of other traditional tort liability' " (*Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d 1, 7 [1989], *lv dismissed* 74 NY2d 842 [1989], quoting *Fischer v Maloney*, 43 NY2d 553, 558 [1978]). Clearly, the conduct complained of here fell squarely within the bounds of the traditional torts of nuisance and trespass; indeed, plaintiffs have already recovered damages for defendant's conduct under those theories, including punitive damages based on the intentional and malicious nature of the conduct. Accordingly, a cause of action for intentional infliction of emotional distress cannot lie (*see Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1164 [2005]; *Butler v Delaware Otsego Corp.*, 203 AD2d 783, 784-785 [1994]; *Sweeney v Prisoner's Legal Servs. of N.Y.*, 146 AD2d at 7; *see also Leonard v Reinhardt*, 20 AD3d 510, 510 [2005]; *Baliva v State Farm Mut. Auto. Ins. Co.*, 286 AD2d 953, 954 [2001]).

In light of our conclusion, we need not reach defendant's assertion that Supreme Court erred in denying his motion to amend his answer to include the res judicata defense or

plaintiffs' claim that they were entitled to summary judgment on the issue of liability.

Malone Jr., Stein and McCarthy, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.