■ DEBORAH GRAY et al., Respondents, v SCHENECTADY CITY SCHOOL DISTRICT, Appellant, et al., Defendant. [927 NYS2d 442]—

McCarthy, J.

Defendant Steven Raucci was employed by defendant Schenectady City School District (hereinafter defendant) as its director of facilities. While in this position, Raucci supervised, among others, plaintiff Harold Gray. Raucci had dealings with plaintiff Deborah Gray through their affiliation with the same labor union. Plaintiffs commenced this action alleging that Raucci used the power and resources of his position with defendant "to conduct a reign of terror" upon plaintiffs, including vandalism of their property and threats to their safety. The complaint contained causes of action against Raucci and defendant for intentional infliction of emotional distress, as well as against defendant for negligent supervision and negligent retention of

*Raucci.** Defendant moved to dismiss the complaint against it for failure to state a cause of action. Supreme Court denied the motion, prompting defendant's appeal.

When considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must construe the pleadings liberally, accept the allegations of the complaint as true and provide the plaintiffs the benefit of every possible favorable inference (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Griffin v Anslow*, 17 AD3d 889, 891 [2005]). A court may consider evidentiary material submitted by a plaintiff to remedy defects in the complaint, but the court should not rely on evidence submitted by the proponent of the motion as a basis for dismissal unless that evidence conclusively establishes the falsity of an alleged fact (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 665 [1995]; *Pietrosanto v NYNEX Corp.*, 195 AD2d 843, 844 [1993]). Applying this standard, Supreme Court erred in denying defendant's motion as to the first cause of action for intentional infliction of emotional distress, but correctly denied the part of defendant's motion seeking dismissal of the second and third causes of action for negligent supervision and negligent retention.

For a claim of intentional infliction of emotional distress, a plaintiff "must allege more than conduct that causes inconvenience or embarrassment, even if such conduct continues for a protracted period of time" (*Doin v Dame*, 82 AD3d 1338, 1340 [2011], *lv denied sub nom. Doin v Champlain Bluffs Dev. Corp.*, 16 NY3d 708 [2011]; *see Associates First Capital v Crabill*, 51 AD3d 1186, 1188 [2008], *lv denied* 11 NY3d 702 [2008]). The complaint must allege that the defendant's conduct was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and [was] utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment *d*). The complaint here alleged that Raucci vandalized plaintiffs' property on five separate occasions, and utilized defendant's vehicles and employees to harass and intimidate them. This included menacing phone calls and personal threats to their physical safety. Liberally construed, these allegations were sufficient to state a cause of action of intentional infliction of emotional distress against Raucci (*see Stram v Farrell*, 223 AD2d 260, 264-265 [1996]).

---

* Raucci has not appeared in this action. In April 2010, he was convicted of 18 felony counts, including several for conduct against plaintiffs and their property during the time when he was employed by defendant.

Despite this sufficient claim against Raucci, defendant's mere inaction after receiving complaints about Raucci's behavior— which allegedly allowed him to continue to engage in this behavior in spite of the notice regarding his actions—cannot be considered the type of extreme and outrageous conduct that is " 'utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d at 303, quoting Restatement [Second] of Torts § 46, Comment *d*) so as to state a cause of action against defendant for its own conduct (*see Kunz v New Netherlands Routes, Inc.*, 64 AD3d 956, 958 [2009]). Defendant, as Raucci's employer, can be held vicariously liable for his tortious actions, but only if he committed them in furtherance of defendant's business and within the scope of his employment (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251-252 [2002]; *Burlarley v Wal-Mart Stores, Inc.*, 75 AD3d 955, 956 [2010]). Although whether an employee's actions fall within the scope of employment generally presents a question of fact, plaintiffs' complaint does not provide sufficient details to apply the factors on that issue (*see Burlarley v Wal-Mart Stores, Inc.*, 75 AD3d at 956). That is irrelevant, however, because the complaint is devoid of any allegations that Raucci was acting in furtherance of defendant's business. The complaint alleges that Raucci's conduct was designed to prevent plaintiffs from criticizing the performance of his duties for defendant. This statement is insufficient to connect Raucci's actions to defendant's business purposes, as opposed to him acting solely for personal reasons, thereby rendering the complaint's allegations insufficient to hold defendant vicariously liable or otherwise state a cause of action against defendant for intentional infliction of emotional distress (*see Naegele v Archdiocese of N.Y.*, 39 AD3d 270, 270-271 [2007], *lv denied* 9 NY3d 803 [2007]; *Demas v Levitsky*, 291 AD2d 653, 660-661 [2002], *lv dismissed* 98 NY2d 728 [2002]; *compare Sims v Bergamo*, 3 NY2d 531, 534-535 [1957]). Thus, Supreme Court should have granted the part of defendant's motion seeking dismissal of the first cause of action against it.

Supreme Court properly denied the part of defendant's motion seeking to dismiss the causes of action alleging negligent supervision and negligent retention of Raucci. These claims require allegations that the defendant knew or should have known of its employee's propensity to engage in the conduct that caused the plaintiff's injuries, and that the alleged negligent supervision or retention was a proximate cause of those injuries (*see State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859, 860 [2005]; *Lemp v Lewis*, 226 AD2d 907, 908 [1996]; *see also Davidovici v Fritzson*, 49 AD3d 488, 489-490 [2008]). The employee also must not be acting within the

scope of his or her employment; in that situation the employer could only be liable, if at all, vicariously under the theory of respondeat superior, not for negligent supervision or retention (*see Brown v State of New York*, 45 AD3d 15, 26 [2007], *lv denied* 9 NY3d 815 [2007]; *Coville v Ryder Truck Rental, Inc.*, 30 AD3d 744, 745 [2006]). Plaintiffs alleged that Raucci vandalized their property and threatened their personal safety. Such alleged conduct certainly appears to fall outside the scope of his employment. Plaintiffs also alleged that Raucci used defendant's computers, material and personnel to harass and intimidate them and that, even after defendant was informed of Raucci's conduct targeting plaintiffs, defendant failed to investigate or discipline him. The complaint sufficiently alleged that defendant's negligent supervision or retention of Raucci permitted him continued access to the means to carry out his actions, which caused plaintiffs' injuries. Thus, the court correctly refused to dismiss the second and third causes of action.

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion of defendant Schenectady City School District to dismiss the first cause of action against it; motion granted to that extent and said cause of action dismissed against said defendant; and, as so modified, affirmed.