■ Javier Vicuna, Respondent-Appellant, v Empire Today, LLC (a Northlake, Illinois-Based Company), Appellants-Respondents, et al., Defendant. [10 NYS3d 52]——

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 10, 2014, which, to the extent appealed from, granted the motion of defendants Empire Today, LLC (a Northlake, Illinois-based company) and Empire Today, LLC (a New York-based company) (collectively, Empire) for summary judgment dismissing the claim pursuant to respondeat superior, and denied their motion for summary judgment dismissing the negligent retention and supervision claim, unanimously modified, on the law, to grant Empire summary judgment dismissing the negligent retention and supervision claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Empire.

The action is premised on an altercation that occurred in 2007 between Empire's employee, defendant Shomar Dwyer, and plaintiff, a carpet installer who was seeking work assignments at Empire's warehouse. Plaintiff alleges that, during a dispute over work assignments, Dwyer struck him in the face. In support of its motion for summary judgment dismissing the negligent hiring and retention claim, Empire submitted evidence that it had no notice of any propensity by Dwyer to commit such acts (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243 [1st Dept 2006]). In response, plaintiff submitted Dwyer's personnel file, containing reports that Empire had admonished Dwyer for being short-tempered and verbally inappropriate in dealing with coworkers on several occasions. While plaintiff correctly maintains that the personnel file is admissible because it is offered, not for the truth of the matters asserted therein, but as evidence of Empire's notice of Dwyer's behavioral disposition (*see DeSario v SL Green Mgt. LLC*, 105 AD3d 421 [1st Dept 2013]; *Splawn v Lextaj Corp.*, 197 AD2d 479 [1st Dept 1993], *lv denied* 83 NY2d 753 [1994]), Empire is nonetheless entitled to summary judgment dismissing this claim because the record contains no evidence that Empire had notice that Dwyer had engaged in physically violent behavior or had made verbal threats, much less that he had a propensity to do so.

With respect to plaintiff's respondeat superior claim against Empire, the motion court correctly found that Empire cannot be held vicariously liable for the alleged assault by its em-

ployee because it "was not within the scope of the employee's duties, and there is no evidence that the assault was condoned, instigated or authorized by the employer" (*Milosevic v O'Donnell*, 89 AD3d 628, 629 [1st Dept 2011] [internal quotation marks omitted]; *White*, 35 AD3d at 244). Concur—Friedman, J.P., Saxe, Richter and Manzanet-Daniels, JJ.