Dunn v County of Niagara (2019 NY Slip Op 04530)





Dunn v County of Niagara


2019 NY Slip Op 04530


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


15 CA 17-02146

[*1]DANNY P. DUNN, SR., AND ANITA L. DUNN, PLAINTIFFS-APPELLANTS,
v
COUNTY OF NIAGARA, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






MICHAEL J. DOWD, LEWISTON, FOR PLAINTIFFS-APPELLANTS.
WEBSTER SZANYI LLP, BUFFALO (KEVIN G. COPE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered August 1, 2017. The order, insofar as appealed from, granted that part of the motion of defendant County of Niagara seeking summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaint is reinstated against defendant County of Niagara.
Memorandum: In appeal No. 1, plaintiffs appeal from an order insofar as it granted that part of the motion of defendant County of Niagara (County) for summary judgment dismissing the complaint against it. In appeal No. 2, plaintiffs appeal from an order granting the motion of defendant Cambria Volunteer Fire Company, Inc. (Cambria) for summary judgment dismissing the complaint against it.
In appeal No. 1, we agree with plaintiffs that Supreme Court erred in granting the County's motion insofar as it sought summary judgment dismissing the complaint against it because there are issues of fact whether defendant Russell Jackman, a coroner employed by the County, was acting within the scope of his employment at the time of the alleged tort and, therefore, whether the County is vicariously liable for his conduct under the theory of respondeat superior (see generally Riviello v Waldron, 47 NY2d 297, 302-303 [1979]). Although it is generally a question for the jury whether an employee is acting within the scope of employment (see id.; Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1131 [4th Dept 2008], lv denied 11 NY3d 708 [2008]), an employer is not liable as a matter of law "if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business' " (Mazzarella v Syracuse Diocese [appeal No. 2], 100 AD3d 1384, 1385 [4th Dept 2012]).
Here, there is evidence that Jackman's decision to transfer a portion of the remains of plaintiffs' son (decedent) to defendant Vincent Salerno, the Fire Chief of Cambria, was driven by a work-related purpose, rather than Jackman's own personal interests (cf. N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]; Mazzarella, 100 AD3d at 1385; Burlarley v Wal-Mart Stores, Inc., 75 AD3d 955, 956 [3d Dept 2010]). Furthermore, there are issues of fact whether it was foreseeable that Jackman, in performing his obligations as a county coroner, might negligently remove, transport, or even transfer decedent's remains. "[F]or an employee to be regarded as acting within the scope of his [or her] employment, the employer need not have foreseen the precise act or the exact manner of the injury as long as the general type of conduct may have been reasonably expected" (Riviello, 47 NY2d at 304). An employee's "[m]ere . . . deviation from the line of . . . duty does not relieve [the] employer of responsibility" (Stewartson v Gristede's Supermarket, 271 AD2d 324, 325 [1st Dept 2000]; see generally Riviello, 47 NY2d at 304).
In appeal No. 2, however, we reject plaintiffs' contention that the court erred in granting Cambria's motion. The unrefuted evidence showed that Cambria's employee, Salerno, had only personal motives for requesting decedent's remains from Jackman, i.e., to further his own interest in training dogs to locate cadavers (see Mazzarella, 100 AD3d at 1385; Burlarley, 75 AD3d at 956; see also Dykes v McRoberts Protective Agency, 256 AD2d 2, 3 [1st Dept 1998]). Salerno had no official duties that required him to train cadaver dogs or obtain human remains to train such dogs.
We reject plaintiffs' further contention that Cambria's motion was premature (see CPLR 3212 [f]). About four years elapsed between the commencement of the action and the motion, and plaintiffs have not provided an excuse for why they could not have conducted any depositions or completed discovery during that time (see Avraham v Allied Realty Corp., 8 AD3d 1079, 1079 [4th Dept 2004]).
Finally, we have considered plaintiffs' remaining contention and conclude that it lacks merit.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court