**Belai v Doe**

2025 NY Slip Op 31439(U)

April 23, 2025

Supreme Court, New York County

Docket Number: Index No. 161570/2019

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART                    57M

*Justice*

-------------------------------------------------------------------------------X

ALAI BELAI,

                              Plaintiff,

                       - v -

JOHN DOE, STAPLES, INC., STAPLES THE OFFICE
SUPERSTORE, LLC, IDRISSA KONE,

                            Defendant.

-------------------------------------------------------------------------------X

STAPLES, INC.

                            Plaintiff,

                     -against-

IDRISSA KONE

                            Defendant.

-------------------------------------------------------------------------------X

INDEX NO.                    161570/2019

MOTION DATE                    12/20/2024

MOTION SEQ. NO.                    004

### DECISION + ORDER ON MOTION

Third-Party
Index No.  595693/2020

The following e-filed documents, listed by NYSCEF document number (Motion 004) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100

were read on this motion to/for                    SUMMARY JUDGMENT                    .

## BACKGROUND

Plaintiff commenced this action for assault and battery based on an interaction he had

with a Staples employee.  Staples has now moved for summary judgment and dismissal of the

complaint.  For the reasons set forth below the motion is granted.

## FACTS

The following facts appear to be uncontested by any evidence in the record.

**161570/2019   BELAI, ALAI vs. DOE, JOHN**
**Motion No.  004**

**Page 1 of 8**

[* 1]

On or about November 16, 2016, Kone applied for a full-time Technology Sales Associate position at Staples. Kone completed the application process, providing all relevant information, including date of birth and social security number. On November 26, 2016, it was reported that Kone underwent a background check, which resulted in no adverse findings and Kone was hired.

On August 24, 2019, at a Staples store located at 4320 Broadway, New York, New York 10033, Plaintiff had an argument with Idrissa Kone ("Kone") an employee which escalated into a physical altercation.

Plaintiff had been in the Staples store prior to the date of the incident. During some of these prior visits to Staples, Staples employees, including Staples Operational Supervisor Octavio Zarate, observed Plaintiff using shipping material belonging to Staples without paying for it.

In late July 2019, Plaintiff entered the store and interacted with Zone. Plaintiff vaguely asserts that Zone "hassled" him on this date, and testified that other than a general feeling of being hassled he did not remember specific details regarding the interaction. Plaintiff did not like Zone's demeanor, filed a complaint with Staples' Office of the President about the interaction and was issued a coupon for future purchases.

Staples' Office of the President notified the store's General Manager, Reynaldo Santos, about Plaintiff's complaint, the sum and substance of which was that Kone was rude to Plaintiff. After receipt of Plaintiff's complaint, Santos spoke with Kone about the interaction. Kone informed Santos that Plaintiff was attempting to steal shipping supplies. Santos admonished Kone and directed Kone not to argue or be rude to customers in the future, including Plaintiff.

**161570/2019 BELAI, ALAI vs. DOE, JOHN** **Page 2 of 8**
Motion No. 004

2 of 8

[* 2]

Other than Plaintiff's complaint about Zone's alleged rudeness, there were no prior complaints or indications of any physical or violent tendencies regarding Zone.

All Staples employees are issued an employee handbook and undergo training that includes, employee workplace violence and how to deal with a suspected shoplifter. The section entitled "Associate Conduct," subsection entitled "Health and Safety," prohibits explicitly any "violence and threatening behavior." The "Immediate Termination" section expressly and unequivocally outlines grounds for immediate termination, including "any actions of workplace violence while on Company premises or while conducting Company Business." (Ex G).

The Associate Handbook dedicates a full section to Workplace Violence. The section continues to not only define what workplace violence is but expressly prohibits such conduct. Teresa Mosher, a Manager of Associate Relations, testified that all employees undergo training to interact with a customer suspected of shoplifting. All employees, including Kone, undergo a "How-To Guide" on suspected shoplifting as part of their training.

When an individual who enters the store is suspected of shoplifting, an employee at this Staples location will announce the presence by announcing "Code Freddy." A "Code Freddy" initiates a system where the employees provide enhanced "customer service." The procedure for providing customer service is detailed in the "How to Deal with Thefts" guide used to train Staples employees. At no time is any employee directed to commit any act of violence; in fact, such action by the employee is strictly prohibited and contrary to Staples' business purpose.

On August 24, 2019, Plaintiff arrived at the location and went to the school supplies section. Plaintiff wanted to look at a computer "tablet." Upon Plaintiff's arrival at the store, a Code Freddy was announced, and the shoplifting prevention process of enhanced customer service was initiated. Plaintiff initially interacted with another employee, but Plaintiff requested

161570/2019  BELAI, ALAI vs. DOE, JOHN
Motion No. 004

Page 3 of 8

3 of 8

more information about the tablet. Kone, as the Tech Supervisor, arrived to assist Plaintiff. Plaintiff took out his phone to record pat of the interaction with Zone. After pushing the phone towards Kone, Kone knocks the phone out of Plaintiff's hand, and a scuffle ensues. Other Staples employees quickly intervene and separate Kone and Plaintiff.

Plaintiff was escorted to out in front of the store, and Kone was sent to the back-office area. As Plaintiff was escorted to out in front of the store, he was asked about his condition. Kone attempted to get to where Plaintiff was out in front of the store but was restrained by co-workers. Plaintiff ultimately filed a police complaint with the 34th Precinct, and Kone is accused of Obstruction of Breathing and Assault in the 3rd Degree. Kone is arrested on September 2, 2019. Kone plead guilty to an unknown charge in Criminal Court.

Staples immediately suspended Kone and conducted a post-incident investigation into this incident. Witness statements were obtained, and interviews were conducted as part of the post-incident investigation. As part of the investigation, on August 29, 2019, Stefanie Roberts, a Sr. Associate Relations Specialist at Staples, conducted and transcribed notes from her interview with Kone. Santos was present during the interview. During the interview, Kone acknowledged that he initiated contact with Plaintiff after Plaintiff took out his cell phone and commenced recording him. Kone also acknowledged he was familiar with the Associate Handbook.

On September 2, 2019, after the conclusion of the post-incident investigation, it was determined that Kone violated Staples' Standards of Conduct and Workplace Violence Policy, and Kone was terminated for cause.

**161570/2019   BELAI, ALAI vs. DOE, JOHN**
  **Motion No.  004**

**Page 4 of 8**

## DISCUSSION

Summary judgment is a drastic remedy reserved for those cases where there is no doubt as to the existence of material and triable issues of fact *Sillman v Twentieth Century–Fox Film Corp.,* 3 NY2d 395, 404 (1957).

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988).

In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

Plaintiff asserts causes of action against Staples for Intentional Infliction of Emotional Distress and Negligent Hiring retention and Supervision.

Under the doctrine of *respondeat superior*, an employer may be liable for its employee's tortious acts only if they were committed in furtherance of the employer's business and within the scope of employment. *Bowman v. The State of New York*, 10 A.D.3d 315 (1st Dept 2004); *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979). The doctrine may be applied "so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *Bowman*, *supra*, at 316; *Judith M. v. Sisters of Charity Hospital*, 93 N.Y.2d 932, 933. "If, however, an

**161570/2019  BELAI, ALAI vs. DOE, JOHN**
**Motion No.  004**

**Page 5 of 8**

5 of 8

[* 5]

employee 'for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable' " (*id.*).

> Among the factors that should be considered in determining **\*3** whether an employee's tort, whether intentional or negligent, was sufficiently within the scope of his employment to render his employer liable under the doctrine of respondeat superior are: "the connection between the time, place and occasion for the act; the history of the relationship between the employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated [citations omitted]" (*Riviello v Waldron,* 47 NY2d 297, 303). As to the last factor, while it is not necessary that the precise type of injury caused by the employee's act be foreseeable, it is necessary that the conduct is, in a general sense, reasonably foreseeable (*supra,* at 304).

*Dykes v. McRoberts Protective Agency, Inc.*, 256 A.D.2d 2, 2–3 (1st Dept., 1998).

In this case there is no evidence in the record that Staples could have foreseen Kone's attack. The evidence clearly shows that Kone received training that even if an employee was shoplifting, he was not to be rude let alone engage in violence. The alleged assault was such a wide departure from this normal method of performance as not to be reasonably anticipated by defendant . *Flowers v. New York City Transit Auth.*, 267 A.D.2d 132 (1st Dept., 1999).

> … (T)there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employer's business (*see, Riviello v. Waldron, supra*; *Flowers v. New York City Tr. Auth.,* 267 A.D.2d 132, 700 N.Y.S.2d 27; *Kenneth R. v. Roman Catholic Diocese of Brooklyn,* 229 A.D.2d 159, 654 N.Y.S.2d 791, *cert. denied* 522 U.S. 967, 118 S.Ct. 413, 139 L.Ed.2d 316; *Ray v Metropolitan Transp. Auth.,* 221 A.D.2d 613, 634 N.Y.S.2d 160, *cert. denied sub nom. Ray v. Willett,* 519 U.S. 822, 117 S.Ct. 80, 136 L.Ed.2d 38; *Adams v. New York City Tr. Auth.,* 211 A.D.2d 285, 626 N.Y.S.2d 455, *affd.* 88 N.Y.2d 116, 643 N.Y.S.2d 511, 666 N.E.2d 216; *Kirkman v. Astoria Gen. Hosp.,* 204 A.D.2d 401, 611 N.Y.S.2d 615). The actions of the defendant Milkid Singh, a gasoline attendant at Citgo, in striking and pushing the plaintiff when she inquired about the gasoline pump's meter while purchasing gasoline from Citgo were not incidental to the furtherance of Citgo's business and fell outside the scope of Singh's employment. Moreover, Singh's intentional conduct could not have reasonably been expected by his employer (*cf., Helbig v. City of New York,* 212 A.D.2d 506, 622 N.Y.S.2d 316).

*Vega v. Northland Mktg. Corp.*, 289 A.D.2d 565, 566 (2nd Dept., 2001).

**161570/2019  BELAI, ALAI vs. DOE, JOHN**
**Motion No.  004**

**Page 6 of 8**

6 of 8

[* 6]

In the case at bar Zone's actions in the scuffle with Plaintiff were clearly outside his scope as an employee and unforeseeable by his employer.

Recovery on negligent hiring and retention theory requires showing that the employer was on notice of relevant tortious propensities of wrongdoing employee. *Gomez v. City of New York, et al.*, 304 A.D.2d 374 (1st Dept. 2003); *Vicuna v. Empire Today, LLC, et al,* 128 A.D.3d 578 (1st Dept. 2015); *Dykes v. McRoberts Protective Agency, Inc. et al.,* 256 A.D.2d 2 (1st Dept. 1998). The negligence of an employer under theories of negligent hiring and negligent retention is premised upon its having placed an employee in a position to cause foreseeable harm that the injured party most probably would have been spared had the employer used reasonable care in making its decision regarding the hiring and retention of the employee, *Sheila C. v Povich*, 11 AD3d 120 (1st Dept 2004). Upon hiring, Staples undertook a background search of Kone, utilizing the information he provided, including his social security number. The search resulted in no findings of prior acts of violence or propensity for violence.

One prior incident where Kone was alleged to have been rude to Plaintiff  is insufficient to establish foreseeability. Staples is "… entitled to summary judgment dismissing this claim because the record contains no evidence that (it) had notice that Zone had engaged in physically violent behavior or had made verbal threats, much less that he had a propensity to do so. *Vicuna v. Empire Today, LLC*, 128 A.D.3d 578 (2015).

In fact, there is no evidence in the record that Zone had ever previously engaged in violent behavior at Staples or elsewhere.

The Court finds that movant has met its prima facie burden in establishing the right to dismissal as a matter of law and that in response Plaintiff has failed to raise a triable issue of material fact.

**161570/2019   BELAI, ALAI vs. DOE, JOHN**                                    **Page 7 of 8**
  **Motion No.  004**

[* 7]                                                    7 of 8

WHEREFORE it is hereby:

ORDERED that the motion of STAPLES, INC. and STAPLES THE OFFICE SUPERSTORE, LLC for summary judgment is granted and the complaint is dismissed in its entirety as against said defendants, with costs and disbursements to defendants as taxed by the Clerk; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of said defendants accordingly; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein:and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

2025042313162 9SBKRAUSE27 9C72035674BC6A127424123EB88B0

| **4/23/2025** | | | | **SABRINA KRAUS, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161570/2019  BELAI, ALAI vs. DOE, JOHN**
**Motion No.  004**

**Page 8 of 8**

8 of 8

[* 8]