■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY INSETTA, Appellant.— Judgment of conviction unanimously reversed, on the law and the facts, and information dismissed. Defendant has been convicted by the former Court of Special Sessions of illegal possession of obscene films in violation of section 1141 of the Penal Law. The information charged that on May 11, 1961 defendant " did have in his possession " the films " with intent to * * * show " them . There is no testimony in the record by any witness that he saw the defendant in possession of the films on May 11, or at any time. The proof of guilt rests entirely upon a bare and categorical admission attributed to the defendant by a police officer. This officer, who received the film from another person, testified he showed the film to defendant and asked " if it was his film " and that defendant said " yes, it was." The officer testified he then asked defendant if he " had shown " the film to anybody and that defendant said he " had only shown them to friends." This admission of mere title was not the full equivalent of an admission of possession on May 11 with intent to show the film. Nor is the statement strengthened by the further statement that he " had * * * shown them to friends ", which may well have referred to a period long in the past having no important bearing on an intention to show them on May 11. The barren nature of the record, containing no direct proof of possession at any time leaves open to serious doubt both possession and intent at the time the crime is charged. Moreover the admission is weakened in its effect by the fact that it was made to the police officer while defendant was held under illegal arrest. Concededly the arrest was made without a warrant and concededly the misdemeanor charged was not committed in the presence of the arresting officer. Although such a confession is still technically admissible (People v. Everett, 10 N Y 2d 500, 507; People v. Lane, 10 N Y 2d 347), the illegality of the detention is a significant factor in the weight that should be accorded to such an admission as that attributed to defendant in this record. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bergan, JJ.

■ JOSEPH AMENDOLARA, an Infant, by DOMINICK AMENDOLARA, His Guardian ad Litem, et al., Respondents-Appellants, v. MACY'S NEW YORK, Appellant-Respondent, et al., Defendant.— Judgment unanimously modified, on the law, to the extent of vacating the verdicts in favor of plaintiffs against defendant Macy's New York and of dismissing the second and fourth causes of action against said defendant, and the judgment, as so modified, is affirmed, with costs to said defendant. We find no evidence in the record from which a jury could reasonably infer negligence on the part of defendant Macy's New York in the hiring or supervision of Charters. It was under no duty to inquire into the possibility that Charters might have been convicted of crime in the past, and before the incident in question nothing transpired to alert it to the possibility that such an incident might occur. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.