■ DOMENICO PANICO et al., Appellants, v ACCURATE FENCE CORPORATION, Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY HOUSING AUTHORITY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Action No. 1.) JOSEPHINE PROVENZANO et al., Appellants, v ACCURATE FENCE CORPORATION, Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY HOUSING AUTHORITY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Action No. 2.) [626 NYS2d 281] —In two consolidated actions to recover damages for personal injuries, etc., the plaintiffs in both actions appeal from a judgment of the Supreme Court, Nassau County (Winick, J.), dated May 2, 1995, which is in favor of the defendant Accurate Fence Corp. and the third-party defendant the New York City Housing Authority dismissing the complaint and the third-party complaint. The notice of appeal from the decision dated April 15, 1993, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs to the respondents appearing separately and filing separate briefs.

The intentional act of the third-party defendant Weems in assaulting the plaintiffs with a fence post constituted a superseding cause of the plaintiffs' injuries. Any alleged negligence of the defendant third-party plaintiff Accurate Fence Corporation (hereinafter Accurate) in failing to remove the old fence debris was so attenuated from the plaintiffs' ultimate injuries that the imposition of liability on Accurate and the New York City Housing Authority would be unreasonable (see, Asaro v Laponte, 198 AD2d 202; Elardo v Town of Oyster Bay, 176 AD2d 912; O'Britis v Peninsula Golf Course, 143 AD2d 123). Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.