■ The People of the State of New York, Respondent, v Novis Chambers, Appellant. [683 NYS2d 238] —Judgment, Supreme Court, New York County (Renee White, J.), rendered on or about August 13, 1997, convicting defendant, after a jury trial, of two counts of vehicular assault in the second degree, two counts of leaving the scene of an incident without reporting and two counts of operating a motor vehicle while under the influence of alcohol, and resentencing him to two concurrent terms of $1^1/3$ to 4 years on the assault convictions, consecutive to two concurrent terms of $1^1/3$ to 4 years on the leaving the scene convictions, as well as terms of 1 year on the remaining convictions, unanimously affirmed.

We reject defendant's contention that the court was required to impose concurrent sentences for defendant's convictions for vehicular assault in the second degree (Penal Law § 120.03) and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600). Concurrent sentences must be imposed "for two * * * offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). The "acts or omissions" committed by defendant under each offense were separate and distinct acts, such that consecutive sentences may be imposed (*see, People v Laureano*, 87 NY2d 640, 644-645; *People v Levy*, 157 Misc 2d 941, 946). The "actus reus" of vehicular assault in the second degree, defendant's act of operating a motor vehicle with criminal negligence and with a .10% or greater blood alcohol level, causing serious physical injury to another person, does not constitute a material element of the crime of leaving the scene of an incident without reporting. At best, the two crimes have one element in common, i.e., that the victim suffered serious physical injury.

Defendant's reliance on *People v Catone* (65 NY2d 1003) is misplaced. *Catone* held that since causing death to another

person due to defendant's culpable conduct was [then] one of the material elements of the felony of leaving the scene of an accident without reporting, while also constituting the crime of manslaughter in the second degree (recklessly causing the death of another person), consecutive sentences for the two crimes were impermissible (65 NY2d, *supra,* at 1005). However, this ruling was nullified by the Legislature's amendment of Vehicle and Traffic Law § 600 in 1986, in which it eliminated the culpability requirement of the offense of leaving the scene of an incident.

Accordingly, Penal Law § 70.25 does not preclude consecutive sentences for these two offenses. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.