■ JOSEPH YEBOAH, Respondent, v SNAPPLE, INC., et al., Appellants, et al., Defendant. [729 NYS2d 32] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered July 19, 2000, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, reversed, on the law, without costs, the motion granted and the complaint dismissed against defendants-appellants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff seeks to recover for injuries sustained by him when he was assaulted by defendant Sanderlin, then an employee of defendant Mr. Natural, Inc. Mr. Sanderlin was employed by Mr. Natural, Inc. as a truck driver's helper. He was not authorized to service any of defendants' beverage vending machines or to possess the keys to the machines. On the morning in question, Sanderlin appeared at plaintiff's delicatessen and attempted to service the Snapple machine located therein. When plaintiff questioned Sanderlin's authority to do so, Sanderlin assaulted plaintiff by striking him several times from behind with a metal bar causing him serious personal injury. Sanderlin was terminated later the same day for stealing the company's vending machine keys.

An employer cannot be held vicariously liable for an alleged assault where the assault was not within the scope of the

employee's duties, and there is no evidence that the assault was condoned, instigated or authorized by the employer (*see, Kwak v Wolfenson*, 258 AD2d 418, citing *Riviello v Waldron*, 47 NY2d 297, 303, and *Adams v New York City Tr. Auth.*, 88 NY2d 116, 123). Notwithstanding the corporate defendants' failure to investigate Sanderlin's criminal background, liability cannot be charged to the corporate defendants on the ground of negligent hiring and supervision. An employer is under no duty to inquire as to whether an employee has been convicted of crimes in the past (*Amendolara v Macy's N. Y.*, 19 AD2d 702). Liability will attach on such a claim only when the employer knew or should have known of the employee's violent propensities (*Detone v Bullit Courier Serv.*, 140 AD2d 278, *lv denied* 73 NY2d 702). Here, there is no evidence that the corporate defendants knew of Sanderlin's propensities, nor is there any indication that anything transpired that would have alerted them to the possibility that an assault would take place. Even if the corporate defendants had checked Sanderlin's background, it would not have been negligent for them to hire Sanderlin as a truck driver's helper in 1995. His felony conviction in Virginia dates back to 1973 and he was paroled in 1986. His 1990 arrest in New York on a misdemeanor drug possession charge did not result in revocation of parole or any other corrective action. Therefore, it cannot be said that knowledge of Sanderlin's criminal background would have made the assault upon plaintiff reasonably foreseeable. Concur—Lerner, Saxe, Buckley and Friedman, JJ.

Ellerin, J. P., dissents in a memorandum as follows: I agree with the motion court's conclusion that there are questions of fact here, including the relationship between Snapple and Mr. Natural and whether Sanderlin was "on duty" at the time of the assault, that preclude the granting of summary judgment.

Accordingly, I would affirm.