OPINION OF THE COURT
R.S. Smith, J.
The issue here is whether a liability insurer is obligated to defend and indemnify its insured, a “beauty salon/health spa,” in an action brought against the insured based on an alleged sexual assault by the insured’s employee. We hold that the alleged assault was an “accident” within the meaning of the policy, and that the policy’s exclusions for injuries expected or intended from the standpoint of the insured and for bodily injury arising out of body massage do not apply. We therefore hold that the insurer is obligated to defend and indemnify.
Facts and Procedural History
Appellant, RJC Realty Holding Corp., doing business as “Pure Maximus Spa/Salon,” obtained an insurance policy including “Businessowners Liability Coverage” from respondent Republic Franklin Insurance Co.[1] In the policy, Republic agreed to *162 indemnify and defend RJC against claims for “bodily injury”[2] caused by an “occurrence” as defined in the policy. “Occurrence” is defined as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.”
Two exclusions in the policy are also relevant here. The policy states that it is not applicable to “ ‘[bjodily injury’ . . . expected or intended from the standpoint of the insured” or to “ ‘[b]odily injury’ . . . arising out of . . . [b]ody massage other than facial massage.”
Marie and Thomas Harrison brought an action against RJC and a masseur employed by RJC, alleging that the masseur performed a body massage on Marie Harrison and that Marie Harrison “was the victim of improper sexual contact.” The Harrisons alleged that RJC was liable to them for negligently hiring and retaining the masseur, and for failing properly to supervise his activities.
RJC notified Republic of the alleged sexual assault, and subsequently provided Republic with a copy of the Harrison complaint. Republic responded by disclaiming coverage, relying on the definition of “occurrence” and the two exclusions quoted above.[3]
RJC sued Republic, seeking a declaratory judgment that Republic was obligated to defend and indemnify RJC in the Harrison action. On cross motions for summary judgment, Supreme Court ruled in RJC’s favor. Supreme Court found the issue under the “expected or intended” exclusion to be controlled by our decision in Agoado Realty Corp. v United Intl. Ins. Co. (95 NY2d 141 [2000]) and stated: “Since the conduct was not intentional on the part of the insured, the exclusion does not apply.” Supreme Court found the issue under the “body massage” exclusion a “closer question,” but decided that question in the insured’s favor also.
On Republic’s appeal, the Appellate Division reversed, holding that the “expected or intended” exclusion applied. In the view of the Appellate Division, the decisive fact was that the Harrison complaint alleged “an intentional sexual assault by *163 RJC’s employee,” which the Appellate Division held “falls within the exclusionary language of the policy.” (303 AD2d 573, 574 [2003].) We granted RJC’s motion for leave to appeal, and now reverse the Appellate Division order and reinstate the Supreme Court judgment.
Discussion
A. The “Accident” and “Expected or Intended” Issues
The questions of whether the alleged sexual assault was an “accident” and therefore an “occurrence” within the meaning of the policy, and whether it was excluded from coverage as an act “expected or intended from the standpoint of the insured” are both controlled by Agoado, where we construed a policy containing identical language.
In Agoado, the issue was whether the insurer was required to indemnify its insureds, the landlords of a building, against a claim brought by the estate of a tenant who had been murdered in the building by an unknown assailant. We held that the murder, though obviously intended from the murderer’s point of view, was an “accident” within the meaning of the policy. Relying on Miller v Continental Ins. Co. (40 NY2d 675 [1976]), we said that: “in deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen.” (95 NY2d at 145 [emphasis in original].) Since the landlords in Agoado obviously did not expect or intend the tenant’s murder, we held that it was an “accident” from their point of view. We also held that—as seems self-evident on the facts of Agoado—the murder was not within the policy exclusion for conduct “expected or intended from the standpoint of’ the landlords (id. at 146).
The only significant difference between this case and Agoado is that here the alleged perpetrator of the assault was the insured’s employee. If—as we must assume for present purposes—the assault occurred at all, it was obviously expected and intended by the masseur, and was not an accident from his point of view. Thus, the critical question is whether the masseur’s expectation and intention in committing the assault should be attributed to his employer, RJC.
This question is answered in the negative by our decision in Judith M. v Sisters of Charity Hosp. (93 NY2d 932 [1999]). In that case, a hospital patient sued the hospital for a sexual as *164 sault allegedly committed by the hospital’s employee. The patient claimed that the hospital was vicariously liable under the doctrine of respondeat superior. We rejected this contention, saying:
“The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment (Riviello v Waldron, 47 NY2d 297, 304). If, however, an employee ‘for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable’ (Jones v Weigand, 134 App Div 644, 645, quoted in Baker v Allen & Arnink Auto Renting Co., 231 NY 8, 13). Assuming plaintiff’s allegations of sexual abuse are true, it is clear that the employee here departed from his duties for solely personal motives unrelated to the furtherance of the Hospital’s business (see, Mataxas v North Shore Univ. Hosp., 211 AD2d 762, 763). Accordingly, the courts below properly dismissed plaintiffs respondeat superior cause of action.” (93 NY2d at 933 [emphasis added].)
Under Judith M., the masseur’s alleged act here could not be attributed to RJC for purposes of the respondeat superior doctrine. Here too, if the allegation of sexual abuse is true, the masseur “departed from his duties for solely personal motives unrelated to the furtherance of [RJC’s] business.” We see no reason not to apply the same test to the question of whether the masseur’s expectations or intentions should be attributed to RJC in determining the applicability of Republic’s insurance policy.
The parties here agreed that the policy would cover only an “accident” and would not apply to certain acts “expected or intended” by RJC. When they did so, they could reasonably have anticipated that the rules of respondeat superior would govern the question of when a corporate entity is deemed to expect or intend its employee’s actions. Since the masseur’s actions here were not RJC’s actions for purposes of the respondeat superior doctrine, they were “unexpected, unusual and *165 unforeseen” from RJC’s point of view, and were not “expected or intended” by RJC. Accordingly, they were an “accident,” within the coverage of the policy, and were not excluded by the “expected or intended” clause.
B. The “Body Massage” Issue
Like Supreme Court, we find the question of whether the “bodily injury” for which the Harrisons sued RJC arose out of a “body massage” to be a closer one, but like Supreme Court we resolve it in RJC’s favor.
It is true that the alleged act for which the Harrisons sued RJC occurred during a body massage.[4] The insurance policy, however, does not exclude coverage for all alleged conduct during a body massage, but only for “injury . . . arising out of . . . [b]ody massage.” (Emphasis added.) We think the words of the exclusion are most plausibly read to refer to a bruise or similar injury inflicted on the customer by a massage itself, not to the emotional or physical injury resulting from a sexual assault by a masseur. At least that is a reasonable reading of the words, and an exclusion in an insurance policy can negate coverage only where it is stated “in clear and unmistakable language [and] is subject to no other reasonable interpretation.” (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993].) We therefore hold the “body massage” exclusion to be inapplicable here.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Chief Judge Kaye and Judges G.B. Smith, Cipabick, Geaffeo and Read concur; Judge Rosenblatt taking no part.
Order reversed, etc.

. Utica National Insurance Group, apparently Republic’s parent or affiliate, is also a party in this case. It appears from the record that Republic is the corporation that actually issued the policy. “Republic” in this opinion refers both to Republic and to Utica National.

. The policy’s definition of “bodily injury” includes “[s]hock, mental anguish or mental injury.” It is not disputed that the injury involved in this case is “bodily injury” within the meaning of the policy.

. RJC raises an issue as to the timeliness of Republic’s disclaimer. That issue is moot in light of our holding.

. The Harrisons’ complaint alleges that the masseur gave Mrs. Harrison a body massage and that he committed sexual assault, but does not specifically say that the two acts were simultaneous. That is the likeliest inference from the complaint, however, and the letter from RJC’s attorney notifying Republic of the claim specifically refers to “sexual abuse involving a customer during the course of a massage.”