■ JANET NAEGELE, as Executor of ROSE CALE, Deceased, Respondent, v ARCHDIOCESE OF NEW YORK, Appellant, et al., Defendant. [833 NYS2d 79]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 19, 2005, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Archdiocese to dismiss the causes of action against it pursuant to CPLR 3211 (a) for failure to state a cause of action and as barred by the applicable statute of limitations, unanimously reversed, on the law, without costs, the motion granted and the second and third causes of action dismissed as to defendant Archdiocese. The Clerk is directed to enter judgment accordingly.

Plaintiff's claims sounding in respondeat superior and negligent supervision are based on the premise that because archdiocesan priests and pastors are modestly paid and the Archdiocese knows that priests accept money and things of value from their parishioners, it was reasonably foreseeable that Monsignor Woolsey, the pastor of St. John the Martyr Church, would exercise undue influence over his elderly parishioner, Ms. Cale, to obtain more than $490,000 from her for his own benefit. However, deeming such allegations to be true and according plaintiff every favorable inference, such conclusory allegations are insufficient to show that the Archdiocese knew or should have known of Monsignor Woolsey's propensity to commit the tortious acts alleged. The failure to establish this necessary element of a negligent supervision claim negates the employer's liability as a matter of law (*see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997], *lv dismissed* 91 NY2d 848 [1997]). Moreover, the Monsignor's alleged tortious conduct, which may be character-

ized as exercising undue influence, overreaching, fraud or even theft, was not in furtherance of archdiocesan business and was a clear departure from the scope of his employment, having been committed for wholly personal motives (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). Concur—Mazzarelli, J.P., Andrias, Sullivan and McGuire, JJ.