VALERIE SPIELMAN et al., Respondents, v LAWRENCE CARRINO et al., Defendants, and GRACE GOSPEL CHURCH OF SUFFOLK, INC., Appellant. [910 NYS2d 105]—

In an action, inter alia, to recover damages for breach of fiduciary duty, intentional infliction of emotional distress, and negligent supervision, etc., the defendant Grace Gospel Church of Suffolk, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 4, 2009, as denied that branch of its motion, made jointly with the defendant Sal Puma, which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and (2) so much of an order of the same court dated November 17, 2009, as granted those branches of the plaintiffs' cross motion which were to strike its second, third, and tenth affirmative defenses.

Ordered that the order dated August 4, 2009, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Grace Gospel Church of Suffolk, Inc., made jointly with the defendant Sal Puma, which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) is granted; and it is further,

Ordered that the order dated November 17, 2009, is reversed insofar as appealed from, on the law, and those branches of the plaintiffs' cross motion which were to strike the second, third, and tenth affirmative defenses asserted by the defendant Grace Gospel Church of Suffolk, Inc., are denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant Grace Gospel Church of Suffolk, Inc., payable by the plaintiffs.

Valerie Spielman and Cindy Gallo, who are sisters, and Steven Spielman, suing derivatively, commenced this action against, among others, Lawrence Carrino and Grace Gospel Church of Suffolk, Inc. (hereinafter the church), alleging that Carrino, a former pastor at the church and counselor to the sisters, engaged in secret, sexual affairs with both of them. The plaintiffs asserted causes of action against Carrino sounding in, inter alia, breach of fiduciary duty and intentional infliction of emotional distress, and sought to hold the church vicariously li-

able under the doctrine of respondeat superior and directly liable for negligent supervision. The church and the defendant Sal Puma together moved, inter alia, to dismiss the complaint insofar as asserted against the church pursuant to CPLR 3211 (a) (7), and the Supreme Court denied that branch of their motion.

As the Court of Appeals has recently stated in the context of similar allegations, in order to demonstrate the existence of a fiduciary duty between a cleric and congregant in a formal counseling relationship, there must be characteristics of " 'de facto control and dominance' " in the relationship (*Doe v Roman Catholic Diocese of Rochester*, 12 NY3d 764, 765 [2009], quoting *Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 21 [2008] [internal quotation marks omitted]). A relationship is marked by de facto control and dominance where the congregant is " 'uniquely vulnerable and incapable of self-protection' " (*Doe v Roman Catholic Diocese of Rochester*, 12 NY3d at 766, quoting *Marmelstein v Kehillat New Hempstead: Rav Aron Jofen Community Synagogue*, 11 NY3d at 22). Although both sisters allege facts which they contend made them uniquely vulnerable and incapable of self-protection, that contention is belied by their acknowledgments in the complaint that they both promptly ended their relationships with Carrino once they learned he was having affairs with both of them. Therefore, since the complaint fails to state a cause of action to recover damages for breach of fiduciary duty, the church cannot be held vicariously liable under the doctrine of respondeat superior on that basis (*see Karaduman v Newsday, Inc.*, 51 NY2d 531, 545 [1980]).

The plaintiffs also seek to hold the church vicariously liable under the doctrine of respondeat superior for intentional infliction of emotional distress. However, Carrino committed the alleged acts while acting outside the scope of his employment. "[L]iability will not attach for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business" (*Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Manno v Mione*, 249 AD2d 372 [1998]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]).

The plaintiffs failed to state a cause of action sounding in negligent supervision (*see Naegele v Archdiocese of N.Y.*, 39 AD3d 270 [2007]; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762, 763 [1995]).

The parties' remaining contentions have been rendered academic in light of our determination. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.