11-3318-cv
Highland Capital Mgmt., L.P. v. Global Aerospace Underwriting Managers Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand twelve.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges*.

-----------------------------------------------------------------------
HIGHLAND CAPITAL MANAGEMENT, L.P., and FLEET BUSINESS CREDIT, L.L.C.,
*Plaintiffs-Appellants*,

v.                                                        No. 11-3318-cv

GLOBAL AEROSPACE UNDERWRITING MANAGERS LIMITED, ACE USA, TOKIO MARINE AND FIRE, EAGLE STAR, MUNICH RE, MITSUI MARINE AND FIRE, GU INTERNATIONAL, MARINE INSURANCE COMMERCIAL UNION, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, COMMERCIAL UNION, MARINE INSURANCE,
*Defendants-Appellees*.

-----------------------------------------------------------------------
APPEARING FOR APPELLANTS:     MICHAEL H. MOIRANO (Claire E. Gorman, *on the brief*), Nisen & Elliott, LLC, Chicago, Illinois.

APPEARING FOR APPELLEES:     KATHERINE B. POSNER, Condon & Forsyth LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 12, 2011, is AFFIRMED.

Plaintiffs Highland Capital Management, L.P. ("Highland") and Fleet Business Credit, L.L.C. ("Fleet"), appeal from awards of partial summary judgment and judgment after a bench trial for defendant insurers on plaintiffs' contract action under an all-risk insurance policy covering specified airframes and engines against loss. We review the district court's factual findings after a bench trial for clear error and its conclusions of law de novo. See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 51–52 (2d Cir. 2011). "We review a grant of summary judgment de novo," and will affirm "only where the movant shows that there is no genuine dispute as to any material fact and that the movant is therefore entitled to judgment as a matter of law." Jacobson v. Metro. Prop. & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Plaintiffs were coinsureds under an all-risk insurance policy titled the 1998–1999 Tower Air, Inc., Airline Hull & Liability Insurance Policy (the "policy"), which provided named insured Tower Air, Inc. ("Tower"), a now defunct airline, coverage for "Physical

2

Damage," defined as the "direct and <u>accidental</u> physical loss of or damage to the aircraft sustained during the Policy Period," Policy Part II Definitions (g) (emphasis added), to airframes and engines that were either purchased by Tower with secured loans from Highland or leased to Tower by Fleet. As it spiraled toward bankruptcy, Tower took parts from airframes and engines covered by the policy and used them as spares to keep other aircraft in operation. After defendants denied plaintiffs' compensation claims for the resulting damage to the airframes and engines because, among other things, the losses were not accidental, plaintiffs filed this action to recover under the policy.

On appeal, plaintiffs challenge only the district court's conclusion that plaintiffs' losses were not covered by the policy because their losses, which were caused by Tower's intentional misconduct, were not "fortuitous." New York Insurance Law § 1101(a)(2) defines a "fortuitous event" to mean "any occurrence or failure to occur which is, or is assumed by the parties to be, to a substantial extent beyond the control of either party." Plaintiffs argue that the determination whether an event causing loss was fortuitous must be made from the perspective of the insured, see <u>RJC Realty Holding Corp. v. Republic Franklin Ins. Co.</u>, 2 N.Y.3d 158, 163, 777 N.Y.S.2d 4, 6 (2004) (holding that sexual assault committed by insured's employee was "accident" from perspective of insured), and that, under New York's "innocent coinsured" doctrine, plaintiffs reasonably expected that their interests in the property were covered by the policy despite the independent misconduct of their coinsured, Tower, which was fortuitous as to them, see <u>Reed v. Fed. Ins. Co.</u>, 71 N.Y.2d 581,

3

588, 528 N.Y.S.2d 355, 358 (1988) (interpreting policy covering loss of home to give effect to innocent insured's reasonable expectation of recovery for damage caused by arson committed by coinsured).

The innocent coinsured doctrine is a rule of contract interpretation that looks to the terms of the insurance policy, reading ambiguous language against the insurer. See id. Thus, parties to an insurance policy may vary this rule through policy language unambiguously conveying a contrary intent. Like the district court, we read the policy here at issue unambiguously to require that the named and coinsureds be treated jointly rather than severally in determining whether the damage to the airframes and engines was fortuitous. The policy included the following "Cross Liability" provision:

> This insurance shall provide the same protection to each Insured hereunder as would have been available had this policy been issued separately to each Insured, except that in no event shall the Insurers total liability exceed the Limits of Liability set forth in the Declarations. This provision shall not operate or apply to any claim for loss of or damage to property insured under Part II or Part IV of this Policy.

1998–1999 Tower Air, Inc., Airline Hull & Liability Insurance Policy, General Policy Conditions § 14. Parts II and IV of the policy provided coverage for accidental damage to airframes and engines, respectively. The last sentence of the Cross Liability provision plainly removes claims for airframes and engines from the default rule that policy protections apply to each insured as if the policy had been issued to each separately. Thus, the determination whether a suffered loss to airframes and engines was fortuitous and, therefore, covered by the policy must be made from the perspective of the insureds collectively, rather

4

than severally. Because the airframe and engine losses at issue here were caused by the intentional misconduct of plaintiffs' coinsured, Tower, the damage was not fortuitous and, therefore, plaintiffs' losses were not covered by the policy. See International Multifoods Corp. v. Commercial Union Ins. Co., 309 F.3d 76, 83 (2d Cir. 2002) ("A loss is fortuitous unless it results from an inherent defect, ordinary wear and tear, or intentional misconduct of the insured." (internal quotation marks omitted)).

The AVN 67B endorsement is not to the contrary. That endorsement extended policy coverage to plaintiffs' own interests in the airframes and engines, as well as those of Tower. But the endorsement did not purport otherwise to expand the policy's coverage beyond losses that were "accidental," i.e., fortuitous, from the perspective of the insureds collectively rather than severally.

Nor does § 3.2 of the endorsement demonstrate a different intent. That provision provided that the coverage extended to plaintiffs as coinsureds would not be "invalidated by any act or omission (including misrepresentation and non-disclosure) of any other person or party which results in a breach of any term, condition or warranty of the Policy." AVN 67B Endorsement § 3.2. Here, the district court did not conclude that Tower's actions invalidated plaintiffs' coverage; rather, the district court concluded that the policy covered only those losses that were accidental from the perspective of all insureds, which the claimed losses were not.

5

We have considered plaintiffs' remaining arguments on appeal and conclude that they

are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court