■ ANDREW B. OSTROY, Individually, as Executor of ADRIENNE LEVINE, Deceased, and as Parent and Natural Guardian of

Sophie Ostroy, an Infant, Appellant, v Six Square LLC et al., Respondents. (And a Third-Party Action.) [953 NYS2d 590]—

Order, Supreme Court, New York County (Louis B. York, J.), entered on or about July 1, 2011, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants Bradford General Contractors Co. Inc. and Hernandez cannot be held vicariously liable pursuant to the doctrine of respondeat superior for third-party defendant Pillco's criminal conduct because the record demonstrates as a matter of law that the undocumented immigrant's murder of plaintiff's decedent was not "within the permissible ambit of [his] employment" (see *Riviello v Waldron*, 47 NY2d 297, 303 [1979]). Rather than furthering his employer's interests, Pillco's crime was motivated by his admitted personal fear that the decedent would contact the police or immigration authorities (see *RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 164 [2004]).

The claim of negligence per se based on defendant Bradford's alleged violation of the Immigration Reform and Control Act (8 USC § 1324a [a] [1]) in hiring Pillco must be dismissed because there is no evidence that the decedent was among the class of people for whose particular benefit the statute had been enacted (see *Fagan v AmerisourceBergen Corp.*, 356 F Supp 2d 198, 214 [ED NY 2004]).

The claim of negligent hiring, retention, training, and supervision fails because there is no evidence that Bradford was on notice that Pillco had a propensity for violence (see *Naegele v Archdiocese of N.Y.*, 39 AD3d 270 [1st Dept 2007], *lv denied* 9 NY3d 803 [2007]; *White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243 [1st Dept 2006]). To the contrary, the record shows that Hernandez, Bradford's owner, regarded Pillco as a normal and happy young man who never displayed signs of anger or a bad mood.

Plaintiff's argument that defendants Six Square LLC, Edward Steinman, Joseph Alpert, and Charles Alpert can be held liable for the Bradford defendants' negligence pursuant to an exception to the general rule against liability for independent contractors is misplaced, since the decedent's death was not the result

of any negligent repairs performed by Bradford but the result of Pillco's criminal conduct.

The negligent security claim against the Six Square defendants fails because there is no evidence that they knew or had reason to know of conduct on the part of workers in the building that would likely endanger a tenant (*see Jacqueline S. v City of New York*, 81 NY2d 288 [1993]; *Maria S. v Willow Enters.*, 234 AD2d 177 [1st Dept 1996]).

Plaintiff is not entitled to a reduced burden of proof under the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76 [1948]), because there is no evidence that the decedent's death was the result of negligence (*see id.*; *Melendez v Parkchester Med. Servs., P.C.*, 76 AD3d 927, 928 [1st Dept 2010]).

The claim for punitive damages must be dismissed because there is no evidence that defendants "authorized, participated in, consented to or ratified" Pillco's criminal conduct (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378 [1986]). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ. ■