*630 In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (DeBow, J.), dated May 25, 2012, which, upon a decision of the same court dated April 10, 2012, granting the defendant’s application to dismiss the claim made at the close of a trial on the issue of liability, dismissed the claim.
Ordered that the judgment is affirmed, with costs.
On February 24, 2009, the claimant was in the waiting area of the office of the New York State Workers’ Compensation Board located at 111 Livingston Street in Brooklyn. As the claimant was sitting on a wooden bench reading a newspaper, he observed a security guard talking on a cell phone while looking out a window. During the phone conversation, the security guard was informed of his grandmother’s death and, in reaction to that news, went over to the waiting area and punched a wooden bench that was in front of the claimant, causing it to fall on the claimant. Subsequently, the claimant filed this claim against the State of New York to recover damages for personal injuries. At the close of the trial on the issue of liability, the Court of Claims granted the defendant’s application to dismiss the claim.
“Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment” (Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896 [2009]; see Riviello v Waldron, 47 NY2d 297, 302 [1979]). “Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment” (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; see Riviello v Waldron, 47 NY2d at 304; Davis v Larhette, 39 AD3d 693, 694 [2007]). “An employer, however, cannot be held vicariously liable for its employee’s alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer’s business at the time of the incident” (Gui Ying Shi v McDonald’s Corp., 110 AD3d 678, 679 [2013]; see Horvath v L & B Gardens, Inc., 89 AD3d 803, 803 [2011]).
Here, the parties do not dispute that the security guard is an employee of the defendant for purposes of tort liability under the doctrine of respondeat superior. However, the defendant is not vicariously liable for the security guard’s conduct because the evidence at trial established that the security guard was acting solely for personal motives unrelated to the defendant’s *631 business at the time of the incident (see Gui Ying Shi v McDonald’s Corp., 110 AD3d at 680; Horvath v L & B Gardens, Inc., 89 AD3d at 803; Bowman v State of New York, 10 AD3d 315, 316-317 [2004]). Furthermore, the evidence failed to demonstrate that the security guard’s conduct was reasonably foreseeable by the defendant (see Gui Ying Shi v McDonald’s Corp., 110 AD3d at 680; Bowman v State of New York, 10 AD3d at 317). Accordingly, the Court of Claims properly granted the defendant’s application and dismissed the claim.
Skelos, J.P., Chambers, Hall and Miller, JJ., concur.