■ THOMAS RODRIGUEZ, Appellant, v EDWARD JUDGE, Defendant, and COMMUNITY CHURCH OF ASTORIA, Respondent. [18 NYS3d 692]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered January 28, 2014, as granted the motion of the defendant Community Church of Astoria for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of his cross motion which was for summary judgment against that defendant on the issue of liability on the cause of action alleging assault and battery.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of an incident which occurred on a public sidewalk outside the defendant Community Church of Astoria (hereinafter the church). The plaintiff was a pedestrian passing by the church when he became involved in an altercation with Edward Judge (hereinafter Edward). Edward was accompanying his wife, church treasurer Rhonda Judge (hereinafter Rhonda), to church services. While witnesses differ in their accounts of the altercation, it is undisputed that, after the dispute became physical, Edward procured a metal gate pole from the church premises and hit the plaintiff in the face or head with it. Both the plaintiff and Edward were charged with criminal offenses related to the altercation.

The plaintiff commenced this action against Edward and the church to recover damages for assault, battery, and negligence, alleging that the church was vicariously liable for Rhonda's alleged encouragement and facilitation of the alleged assault and battery and for Edward's conduct as an agent of his wife and of the church, and that the church negligently failed to prevent Edward from accessing the gate pole to use in the alleged battery. Edward failed to appear or answer, and the plaintiff's motion for leave to enter a default judgment against him was granted. The church moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-

moved, inter alia, for summary judgment against the church on the issue of liability on the first cause of action, which was to recover damages for assault and battery. The Supreme Court granted the church's motion and denied the plaintiff's cross motion. The plaintiff appeals.

The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting in furtherance of the employer's business and within the scope of employment (*see Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 484 [2014]; *RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 164 [2004]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is 'to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business'" (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004], quoting *Stavitz v City of New York*, 98 AD2d 529, 531 [1984]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *De Wald v Seidenberg*, 297 NY 335, 338 [1948]; *Ramos v Jake Realty Co.*, 21 AD3d 744, 746 [2005]). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *see Sims v Bergamo*, 3 NY2d 531, 535 [1957]). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Beauchamp v City of New York*, 3 AD3d at 466; *see Ali v State of New York*, 115 AD3d 629 [2014]; *Marino v City of New York*, 95 AD3d 840 [2012]; *Danner-Cantalino v City of New York*, 85 AD3d 709 [2011]; *Spielman v Carrino*, 77 AD3d 816, 818 [2010]; *Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]).

Here, the church made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging assault and battery, insofar as asserted against it, by demonstrating that Rhonda was not acting in furtherance of church business and within the scope of her duties as church treasurer at the time of the incident (*see RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 164 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even viewing the evidence in the light most favorable to the plaintiff and according the plaintiff the benefit of all reasonable inferences (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]), the evidence established that Rhonda

was involved in a personal dispute between her husband and the plaintiff, and was not acting in furtherance of church business and within the scope of her duties as church treasurer, when she allegedly directed her husband to assault and batter the plaintiff and allegedly provided him with access to the gate pole (*see Ali v State of New York*, 115 AD3d 629 [2014]; *Marino v City of New York*, 95 AD3d 840 [2012]; *Danner-Cantalino v City of New York*, 85 AD3d 709 [2011]; *Kwak v Wolfenson*, 258 AD2d 418 [1999]). Therefore, the plaintiff's contention that Rhonda, through her actions, made her husband a sub-agent of the church is without merit. The church cannot be liable for the conduct of Edward, who was not an employee or agent of the church (*see Pratt v Haber*, 105 AD3d 429 [2013]). For the same reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on this cause of action insofar as asserted against the church.

" 'For a defendant to be held liable in tort, it must have owed the injured party a duty of care' " (*Zylberberg v Wagner*, 119 AD3d 675, 675 [2014], quoting *Suero-Sosa v Cardona*, 112 AD3d 706, 707 [2013]; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584 [1994]; *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 342 [1928]). "The existence and extent of a duty is a question of law" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 13 [2011]).

"Generally, there is no 'duty to control the conduct of third persons to prevent them from causing injury to others,' even where, as a practical matter, the defendant could have exercised such control" (*Engelhart v County of Orange*, 16 AD3d 369, 371 [2005], quoting *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]). A duty to control the conduct of others requires a special relationship: "a relationship between defendant and a third person whose actions expose plaintiff to harm such as would require the defendant to attempt to control the third person's conduct; or a relationship between the defendant and plaintiff requiring defendant to protect the plaintiff from the conduct of others" (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *see Pulka v Edelman*, 40 NY2d 781, 783 [1976]; *Citera v County of Suffolk*, 95 AD3d 1255, 1259 [2012]).

Here, the church made a prima facie showing of its entitlement to judgment as a matter of law dismissing the cause of action alleging negligence, insofar as asserted against it, by establishing that owed no duty to the plaintiff. Its submissions demonstrated that it had no relationship with the plaintiff,

who was a pedestrian on a public sidewalk (*cf. Heavlin v Gush*, 197 AD2d 773 [1993]). Further, the church established that it did not have the necessary authority or ability to exercise the requisite control over Edward's conduct so as to give rise to a duty to control his conduct for the protection of off-premises pedestrians (*see D'Amico v Christie*, 71 NY2d 76, 85-86 [1987]; *Pulka v Edelman*, 40 NY2d 781 [1976]; *Citera v County of Suffolk*, 95 AD3d at 1259). Moreover, the church did not owe a duty to the plaintiff to prevent the misuse of its property for a criminal purpose, particularly since it had no authority to control Edward's conduct (*see Moss v New York Tel. Co.*, 196 AD2d 492, 493 [1993]; *see also O'Britis v Peninsula Golf Course*, 143 AD2d 123, 126 [1988]). In any event, the evidence submitted by the church demonstrated that Edward's use of the gate pole to commit a battery was an unforeseeable, superseding, and intervening cause of the plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315-316 [1980]; *Panico v Accurate Fence Corp.*, 215 AD2d 545 [1995]; *O'Britis v Peninsula Golf Course*, 143 AD2d 123, 125 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d at 562).

Accordingly, the Supreme Court properly granted the church's motion for summary judgment dismissing the complaint insofar as asserted against it and properly denied that branch of the plaintiff's cross motion which was for summary judgment against the church on the issue of liability on the cause of action alleging assault and battery. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur. ▮