Gupta v YM Pro Corp (2023 NY Slip Op 05035)

Gupta v YM Pro Corp

2023 NY Slip Op 05035

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 153384/20 Appeal No. 719 Case No. 2022-04706 

[*1]Chris Gupta, Plaintiff-Respondent,
v
YM Pro Corp, Defendant-Appellant, Varone Brown, Defendant.

Peirce Salvato, PLLC, White Plains (Marc Rousseau of counsel), for appellant.
Smiley & Smiley, LLP, New York (Rosa M. Feeney of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on October 3, 2022, which denied defendant YM Pro Corp's motion for summary judgment dismissing the third cause of action alleging negligent hiring and supervision, unanimously affirmed, without costs.
Plaintiff's third cause of action alleges that defendant YM Pro Corp negligently hired and supervised its employee, defendant Varone Brown, who assaulted plaintiff on January 17, 2020. Recovery on a negligent hiring and supervision theory requires a showing that the employer was on notice of a propensity to commit the alleged acts (see Yeboah v Snapple, Inc., 286 AD2d 204, 205 [1st Dept 2001]). An employer is on notice "if a reasonably prudent employer, exercising ordinary care under the circumstances, would have been aware of the employee's propensity to engage in the injury-causing conduct" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 158-159 [2023]).
Plaintiff introduced evidence sufficient to raise an issue of fact as to YM Pro's notice, by submitting an affidavit of YM Pro's foreman that Brown had an aggressive attitude and was extremely argumentative. This is corroborated by plaintiff's own testimony that other YM Pro employees had complained about Brown's hostility towards them (see Clarke v Empire Gen. Contr. & Painting Corp., 289 AD3d 611, 612 [1st Dept 2020] [hearsay may be considered in opposition to summary judgment]). Precisely what behavior of Brown's was known to YM Pro, and whether that behavior indicated a propensity for violence, are questions of fact to be decided by the jury (see Moore Charitable Found., 40 NY3d at 159 [jury could find that reasonable employer would have recognized false explanation and uncovered employee's embezzlement scheme]; Waterbury v New York City Ballet, Inc., 205 AD3d 154, 160-161 [1st Dept 2022] [jury could find that knowledge of employee's misogynistic and sexually inappropriate behavior informed employer of propensity to share intimate images without consent]).
We have considered YM Pro's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023