Murtazayev v Shalom Intl. Corp. (2024 NY Slip Op 05349)

Murtazayev v Shalom Intl. Corp.

2024 NY Slip Op 05349

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-02935
 (Index No. 505636/18)

[*1]Dilshod R. Murtazayev, appellant, 
v
Shalom International Corp., et al., defendants, Torath Israel Sephardic Congregation, et al., respondents (and a third-party action).

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Salvatore J. DeSantis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated February 16, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Torath Israel Sephardic Congregation and Ohel David & Shlolmo which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants Torath Israel Sephardic Congregation and Ohel David & Shlolmo (hereinafter together the defendants) to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. On the day of the accident, a wedding was being held at a synagogue owned by the defendants. The defendants' premises did not have a parking lot, and they did not provide valet service. The wedding party had retained a valet parking vendor to park guests' vehicles. A valet parking attendant was driving a wedding guest's vehicle, looking for a place to park, when his vehicle allegedly struck the plaintiff's vehicle in the rear. The accident took place approximately four blocks away from the defendants' premises. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not owe a duty of care to the plaintiff. In an order dated February 16, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not own the vehicle that allegedly struck the plaintiff's vehicle nor was that vehicle being operated by their employee or agent (see Pulka v Edelman, 40 NY2d 781, [*2]785; Aupperlee v Restaurant Depot, LLC, 177 AD3d 940, 941-942; Rodriguez v Judge, 132 AD3d 966, 968-969). In opposition, the plaintiff failed to raise a triable issue of fact. Although there may be circumstances where a property owner retaining a valet parking vendor can be held liable for the negligence of the vendor whose attendants are alleged to have caused an accident (see Evans v Norecaj, 172 AD3d 576, 577; Spadaro v Parking Sys. Plus, Inc., 113 AD3d 833), here, the valet parking vendor was retained by the wedding party, not by the defendants. The defendants had no duty to vet the valet parking vendor, and they did not control the valet parking attendants or become aware of a need to do so.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court