**Royston v FedEx Corp.**

2025 NY Slip Op 31092(U)

April 3, 2025

Supreme Court, New York County

Docket Number: Index No. 152895/2022

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DAKOTA D. RAMSEUR          PART          34M

                                    *Justice*

-------------------------------------------------------------------X

REDMOND ROYSTON,

                         Plaintiff,

          - v -

FEDEX CORPORATION, FEDEX OFFICE AND PRINT
SERVICES, INC.

                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152895/2022 |
| MOTION DATE | 04/04/2024 |
| MOTION SEQ. NO. | 001 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

In April 2022, plaintiff Redmond Royston commenced this action against defendants FedEx Corporation and FedEx Office and Print Services, Inc. (hereinafter, collectively, "FedEx"), asserting causes of action for assault and negligent hiring and supervision. In this motion sequence (001), FedEx moves for summary judgment pursuant to CPLR 3212. Plaintiff opposes the motion in its entirety. For the following reasons, the motion is granted.

Plaintiff alleges that, on October 20, 2021, he entered FedEx's Broadway store. At this time, Dennis Fallon, a FedEx employee, made "sexually suggestive motions with his mouth and hands," told him, "I'm so happy. I'm so happy you found me here. I was really missing you" (NYSCEF doc. no. 24 at 47-48, plaintiff's deposition transcript), and further stated, "I think we should be more than just friends. You being a customer isn't enough. We need to hang out sometime, meet in an alley" (*id.* at 48-49). Despite the sexual advances and explicit gestures, plaintiff admitted that Fallon never touched him, never showed a weapon, and never came out from behind the counter separating them. (*Id.* at 54.) He further acknowledges completing the shipping transaction with FedEx before leaving the premises. (*Id.* at 57.) Nonetheless, plaintiff testified that Fallon's conduct caused him to fear for his life and was worried that Fallon would jump over the counter and potentially try to kill or wrestle him. (*Id.* at 49.)

At one point, a FedEx Human Resource employee viewed surveillance video of the interaction, noting that "Dennis comes back up front. Talks to [plaintiff with mask pulled down! Lasts about 1 minute" and "Dennis hangs around up front and at one point, approaches [plaintiff] and oddly leans over as if trying to see his eyes/face." It is undisputed that FedEx failed to preserve the surveillance video itself and, thus, did not turn it over to plaintiff during discovery.

[* 1]

## DISCUSSION

Under CPLR 3212 (b), a proponent moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to eliminate any material issues of fact from the case. (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Kesselman v. Lever House Rest.*, 29 A.D.3d 302 [1st Dept 2006].) The moving party must demonstrate entitlement to judgment through admissible evidence. (*See Sears Holdings Mgt. Corp v Rockaway Realty Assoc.*, 176 AD3d 433, 433 [1st Dept 2019].) If the moving party establishes their entitlement, the burden shifts to the non-moving parties to raise a triable issue of fact. (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) Since summary judgment is an extreme remedy, the Court must draw all reasonable inferences in favor of the non-moving parties. (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012].) Where there is doubt as to the existence of material facts or where different conclusions can reasonably be drawn from the evidence, summary judgment should be denied. (*Santos v Temco Serv. Indus.*, 295 AD2d 218, 218-219 [1st Dept 2002].)

To sustain a civil claim for assault, "there must be proof of physical conduct placing plaintiff in imminent apprehension of harmful contact." (*Holtz v Wildenstein*, 261 AD2d 336, 336 [1st Dept 1999]; *Corcoran v City of New York*, 186 AD3d 1151, 1151 [1st Dept 2020].) Here, as defendant shows, plaintiff admits that Fallon did not touch, threaten, or show a weapon during the interaction. Instead, the only physical conduct—the sexual gesture Fallon made imitating oral sex while "lingering" in his vicinity— does not rise to the level to place a reasonable person in fear of imminent physical contact, even as it may have been surrounded by undoubtedly "odd," unsettling verbal sexual advances. [1] (*See Joon Song v MHM Sponsors Co.*, 176 AD3d 572, 573 [1st Dept 2019] ["Likewise, plaintiff's claim for civil assault based on screaming, threats, and having a door slammed in his face failed to allege facts that would establish that physical contact was reasonably imminent"]; *Okoli v Paul Hastings LLP*, 117 AD3d 539, 540 [1st Dept 2014] ["The physical conduct alleged by plaintiff, which amounts to finger pointing and generalized yelling in the context of a heated deposition, is inappropriate behavior, not to be condoned, but, without more, is not the type of menacing conduct that may give rise to a reasonable apprehension of imminent harmful conduct"]; *Hasan v Marriott Corps.*, 243 AD2d 406, 406 [1st Dept 1997] [summary judgment warranted where "there is no proof submitted by the plaintiff" that anyone placed them in imminent apprehension of harmful or offensive contact].) Moreover, any inference that Fallon's conduct rises to the level of civil assault is undermined by the fact that, from text messages between plaintiff, his mother, and a FedEx regional manager, it appears neither of them feared Fallon would make imminent contact with plaintiff. (*See* NYSCEF doc. 41, text messages [plaintiff's mother summing Fallon's conduct as "he just told my son how he misses him and how happy he is that he found the new location and could they go on a date together," which she described as "Clearly all sarcasm but so unprofessional."])

---

[1] FedEx denies plaintiff's account of events but accepts his account as true for purposes of this motion. For this same reason, the fact that FedEx somehow allowed the surveillance video to disappear does not create issues of fact: the Court assumes that the video surveillance corroborates all of plaintiff's allegations as to what occurred in the store and, yet, what plaintiff testifies to simply does not meet the criteria to be civil assault.

**152895/2022  ROYSTON, REDMOND vs. FEDEX CORPORATION ET AL**
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

Even if there are issues of fact as to whether Fallon's conduct gave rise to a reasonable apprehension, FedEx would still be entitled to summary judgment. In opposition, plaintiff raises two additional theories of vicarious liability against FedEx: (1) where the employer condoned, instigated, or authorized their employee's conduct/assault, and (2) where it was aware of the employee's violent propensities but did not take proper precautions against said propensities. (*See Yeboah v Snapple, Inc.*, 286 AD2d 204, 205 [1st Dept 2001]; *see also Kwak v Wolfenson*, 258 AD2d 418, 418 [1st Dept 1999] [holding employer cannot be held vicariously liable for assault where there are no facts that show the alleged assault was within the scope of the employee's duties].) As FedEx argues, here, there is simply no evidence—whether in the form of the testimony from a FedEx employee or through relevant corporate documents—that suggests that Fallon's sexually suggestive and harassing conduct was within the scope of his employment or that FedEx somehow condoned, instigated, or authorized the conduct towards plaintiff. Rather, he merely speculates, implausibly at that, that Fallon's harassment was for FedEx's benefit as plaintiff and his mother were known as "difficult customers" and FedEx did not want them as customers.

As to (2), again, FedEx cites to plaintiff's deposition in which he admits that he continued to frequent the FedEx office where Fallon worked because, during their previous encounters, his conduct amounted to "just poor customer service, I was not, you know, in fear of my life if Dennis provides poor customer service" (NYSCEF doc. no. 24 at 50) and he simply had "a history of negative interactions" (*id.* at 23). None of the emails from plaintiff and his mother to FedEx's District Manager Timothy Garrett establish, as he contends, that Fallon had these "previous violent propensities" (*See* NYSCEF doc. no. 34, emails [email referring to Fallon's serve as "terrible and discriminatory" and "hostile;" email describing how Dennis "makes the experience so bad each time. He inflates the prices and puts all our items in crazy boxes"].) As such, plaintiff has not rebutted FedEx's prima facie showing that (1) the sexually explicit gesture does not create the requisite fear of imminent harmful contact, (2) FedEx did not condone Fallon's complained-of conduct, and (3) Fallon did not have a violent propensities that could serve as a predicate for vicarious liability.

Since FedEx is entitled to summary judgment on plaintiff's assault claims, it is also entitled to summary judgment on his negligent hiring and supervision claim. Without conduct that arises to civil assault, he cannot show, as required, a nexus or connection between FedEx's negligent hiring or supervision of Fallon and an injury he suffered. (*See Roe v Domestic & Foreign Missionary Socy. Of the Prot. Episcopal Church*, 198 AD3d 698, 700-701 [2d Dept 2021].)

Accordingly, for the foregoing reasons, it is hereby

ORDERED that FedEx Corporation and FedEx Office and Print Services, Inc.'s motion for summary judgment is granted in its entirety and the complaint is dismissed; and it is further

ORDERED that counsel for FedEx shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days.

This constitutes the Decision and Order of the Court.

152895/2022 ROYSTON, REDMOND vs. FEDEX CORPORATION ET AL
Motion No. 001

Page 3 of 4

__4/3/2025__
__DATE__

DAKOTA D. RAMSEUR, J.S.C.

CHECK ONE:          [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION

                    [X] GRANTED     [ ] DENIED     [ ] GRANTED IN PART          [ ] OTHER

APPLICATION:        [ ] SETTLE ORDER          [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN     [ ] FIDUCIARY APPOINTMENT     [ ] REFERENCE

**152895/2022   ROYSTON, REDMOND vs. FEDEX CORPORATION ET AL**
Motion No.  001

**Page 4 of 4**